DUNN MANUFACTURING CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 15815.   Promulgated November 15, 1928.

A. *Calder Mackay, Esq.*, for the petitioner.
C. II. *Curl, Esq.*, for the respondent.

## OPINION.

MARQUETTE: It is the contention of the petitioner that in its closing inventory for the year 1920 there were included certain casing elevators which had cost $37,373.34, but which were in fact obsolete and of no value, and that the inventory should now be adjusted by excluding the elevators therefrom, and the petitioner's net income for 1920 reduced accordingly. On the record we are unable to agree with the petitioner's contention. It may be that in the light of events occurring since 1920 the elevators in question were worthless at that time, but if they were obsolete and worthless, it does not appear that they were so known to be or considered by the petitioner's officers. While sales of the elevators had fallen off materially since the spring of 1920, some sales had been made throughout the year. The inventory was taken by one of the petitioner's officers and he included the elevators therein at their cost. The only explanation of his action in including the elevators in inventory is his statement made at the hearing of this case that "Well, I overlooked it, I guess that is all." This appears to be a belated claim for a deduction from 1920 income on account of goods on hand at that time which have since proved to be unsalable. On the evidence we hold that the cost should not be excluded from the closing inventory.

The only other question is whether the petitioner is entitled to have its profits taxes for 1919 and 1920 computed under section 328 of the Revenue Act of 1918. The evidence relative to this issue shows that the petitioner on its organization acquired certain patents covering oil-well tools in consideration of the issuance of its capital stock; and that it subsequently acquired other patents by purchase. In order to render the devices covered by the patents of commercial value, it was necessary to develop the patents and make improvements thereon. The petitioner for a number of years prior to 1919 employed several men for that purpose, and as the result thereof perfected certain oil-well tools, from the sale of which it derived the greater part of its income for 1919 and 1920. The cost of this experimental and development work, which resulted in acquisition of capital assets of great value, was at least $100,000, but the exact amount can not now be ascertained. The expenditures were properly capital expenditures, but were charged by the petitioner to expense. We have heretofore held in *Goodell-Pratt Co.*, 3 B. T. A. 30, that expenditures for the development of patents, processes, etc., may be restored to surplus, on a clear showing that they were in fact capital expenditures, even though they had been charged to expense and deducted from gross income for income-tax purposes in the year in

which they were made. See also, *Gilliam Manufacturing Co.*, 1 B. T. A. 967. The expenditures we are here considering were, we think, clearly capital expenditures, and if the amount thereof were known they could properly be restored to the petitioner's invested capital. They can not now, however, be definitely ascertained, and we are therefore confronted with the situation that the cost of certain valuable assets which the petitioner had in 1919 and 1920 and which produced a large part of its income, must be excluded from its invested capital. In view of these facts we are of opinion that the petitioner's invested capital can not be determined, and that it is entitled to have its profits tax computed under section 328 of the Revenue Act of 1918.

Reviewed by the Board.

*Further proceeding may be had under Rule 62.*