Wesley J. Rogers v. Commissioner. Estate of Dorothy H. Rogers, Deceased, Wesley J. Rogers, Administrator, and Wesley J. Rogers, individually v. Commissioner.
Rogers v. Commissioner
Docket Nos. 84596, 84597.
United States Tax Court
T.C. Memo 1961-291; 1961 Tax Ct. Memo LEXIS 56; 20 T.C.M. (CCH) 1515; T.C.M. (RIA) 61291; October 24, 1961
*56 Petitioner, a member of the Kentucky bar, owned and operated a variety store. In 1953 the lessor of the store's premises canceled the lease and petitioner ceased to operate the store. The fixtures were sold and its merchandise inventory placed in storage. Petitioner attempted to sell the merchandise in bulk and finally did so in 1958. For the years 1955, 1956 and 1957 petitioner reported losses resulting from the estimated decrease in value of the inventory while in storage. Respondent disallowed the losses. Held, the losses claimed were correctly disallowed. Held, further, expenditures for law library and bar association dues were not deductible in addition to standard deduction as petitioner was a full time employee. Lee S. Jones, Esq., Kentucky Home Life Bldg., Louisville, Ky., for the petitioners. Vernon R. Balmes, Esq., for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: The respondent determined deficiencies in petitioners' income tax as follows: Docket
Year
Petitioner
No.
Amount
1955
Estate of Dorothy H. Rogers, Deceased, Wesley J.
Rogers, Administrator, and Wesley J. Rogers,
individually
84597
$ 530.47
1956
Estate of Dorothy H. Rogers, Deceased, Wesley J.
Rogers, Administrator, and Wesley J. Rogers,
individually
84597
525.49
1957
Wesley J. Rogers
84596
1,078.11
*57 The questions for decision are (1) whether petitioner is entitled to losses for the years 1955, 1956 and 1957 in the amounts of $2,833.45, $2,550.11 and $4,730.26, respectively, for the decrease in value of an inventory of variety store merchandise; and (2) whether petitioner is entitled to deduct miscellaneous expenses of $109.40 in 1955. Findings of Fact Petitioner Wesley J. Rogers is an individual who resides in Louisville, Kentucky. He and his wife, Dorothy H. Rogers, filed joint income tax returns for the taxable years 1955 and 1956 and petitioner filed an individual income tax return for the year 1957 with the district director of internal revenue at Louisville. [1]
In about 1944 petitioner and his wife purchased a variety store in Jefferson Village, Indiana, and thereafter conducted the business. Dorothy did most of the buying for the store and acquired a sizable inventory. The store was located on rented premises and in about March 1953 the lessor gave notice for them to vacate. An auction was held but only the fixtures and a small amount of the merchandise inventory *58 were sold. The remaining inventory of merchandise was moved into storage until a location could be found to set up the business again. In about June 1953 petitioner inventoried the remaining merchandise at cost or market and arrived at a value for the inventory of $15,111.76. The merchandise consisted of pictures, notions, ribbons, yarns, hardware, piece goods, chinaware, jewelry, fountain pens, ladies' handbags, luggage, ties, shoestrings, nylon hosiery, baby merchandise, ladies' wear, school items, stationery, greeting cards and kindred items usually found in a variety store. Attempts were made from time to time by both petitioner and his wife to sell the merchandise in bulk during the years in question, but no purchasers could be found. In May 1957 it was removed to an auction house and was sold in 1958 for about $775. Petitioner carried the merchandise inventory on Schedule C [2] of his tax returns for all of the years through 1957. For each of the years from 1953 through 1957 he decreased the ending inventory on the assumption that the market value of the stored merchandise was decreasing by about 20 or 25 percent a year. The inventory figures thus arrived at were as follows: *59 1955 opening inventory, $11,333.82; 1955 ending inventory, $8,500.37; 1956 ending inventory, $5,950.26; 1957 ending inventory, $1,220. The difference between the opening and ending inventory in each year ($2,833.45 in 1955, $2,550.11 in 1956 and $4,730.26 in 1957) was reported on petitioners' tax returns as a loss from the variety store business. In addition to these sums, petitioner claimed costs for storing and repairing the merchandise. Respondent, in the determination of deficiency, disallowed the losses to the extent of the depreciation in inventory because it did "not constitute an allowable loss" and allowed the storage and repair charges. Petitioner has been a member of the Kentucky bar since about 1926 and has engaged in the practice of law from time to time since 1929. During 1955 he was employed on the legal staff of the DuPont Company in Charlestown, Indiana. He was sent to a tax school by the company to enable him to advise its employees and he appeared in Indiana and Kentucky courts in litigation dealing with DuPont employees' wages and salaries. The company required that petitioner be a member *60 of the Kentucky Bar Association and attend the American Bar Association regional convention in Cincinnati, Ohio, in 1955. In his 1955 tax return petitioner claimed $109.40 as a deduction for amounts spent for expenses of maintaining law library and bar association dues. Respondent disallowed this amount in its entirety. Opinion Petitioner took deductions for the three years in question for unrealized merchandise inventory losses. Respondent's disallowance of the deductions casts the burden on petitioner to substantiate the losses. There is authority for the proposition that a taxpayer, engaged in a going business in which inventories are used, may, in computing the income from the business, write down his closing inventory to reflect the obsolescence of inventory items that occurred in that year. American Manganese Steel Co., 7 B.T.A. 659; Dunn Manufacturing Co., 14 B.T.A. 225; C-O-Two Fire Equipment Co., 22 T.C. 124 (reversed as to the year obsolescence occurred, 219 F. 2d 57). However, in all such cases specific proof is required *61 as to obsolescence of designated articles before the write-down is permitted. The necessity or even the propriety of using inventories in reporting income when no sales of inventory items were made is not readily apparent to us. Petitioner, since 1953, merely held the stock of variety store merchandise in storage. During the first year or so he endeavored to find another store but the record shows that by 1955 he was merely trying to sell the merchandise in bulk. Inventories are used to determine aggregate gain or loss from voluminous continuing selling transactions of inventory items. Petitioner owned the same property (stock of merchandise) at the beginning and at the end of the three year period here involved. If the value of some or all of it went down during said years, petitioner can take no unrealized losses merely because in a prior year it was once the subject of inventory. Petitioner's ownership of this property and his holding it for sale had no effect at all upon his income (beyond expenses for storage, which respondent allowed) [3] because it was held intact and not sold during said years. *62 Even if it be thought such an unrealized inventory loss could ever be taken by one who merely holds the inventory during the years in question for sale in bulk, petitioner's evidence falls far short of establishing such loss. Viewing the evidence in this case in the light most favorable to the petitioner, there is nothing but the opinion of petitioner, his brother, and an auctioneer that an inventory of variety store merchandise would decrease in value about 20 to 25 percent a year. Such evidence would be wholly useless to justify an inventory write-down by the operator of a going variety store business. Certain it is petitioner would be in no better position by reason of the fact that he was not engaged in the business of selling individual items during the years he contends obsolescence occurred. We hold petitioner has not shown error in respondent's disallowance of the so-called inventory losses during the years in question. The only other issue raised by the petitioner involves respondent's disallowance of petitioner's deductions for expenditures in 1955 of $109.40 for his law library and bar association dues. In his petition he states the expenditures were to maintain his *63 professional standing "for the purpose and with the intention at any time to re-engage exclusively in the practice of" law. Petitioner was a full time employee of DuPont Company. He elected to take the standard deduction. The expenses were not deductible in addition to the standard deduction. Henry G. Owen, 23 T.C. 377. Decisions will be entered for the respondent. Footnotes
1. Dorothy H. Rogers died in December 1956 and petitioner was appointed administrator of her estate.↩
2. Form 1040: Schedule C: Profit (or loss) from Business or Profession.↩
3. Petitioner took a deduction in 1957 of $4,856.76 as a loss resulting from the depreciation of inventory. Respondent disallowed $4,730.26 of the claimed deduction. The difference, or $126.50, was the amount petitioner established as storage and repair expense.↩