Henry G. Owen, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 35167.    Filed November 30, 1954.

*Henry G. Owen, Esq., pro se.*
*Fayette G. Taylor, Esq.,* for the respondent.

## OPINION.

FISHER, *Judge:* Petitioner expended $1,615.88 during 1947 to maintain a law office in Grand Forks, North Dakota. He elected in his return for that year to take the standard deduction provided in section 23 (aa) of the 1939 Code, which election was irrevocably binding upon him. The standard deduction is in lieu of "all deductions other than those which under section 22 (n) are to be subtracted from gross income in computing adjusted gross income." Section 23 (aa) (2) of the 1939 Code. Petitioner contends that the office expenses constitute deductions allowed by section 23 which are attributable to a trade or business carried on by him during 1947 and that they are therefore deductible under section 22 (n) (1) of the 1939 Code in addition to the standard deduction. Respondent, on the other hand, has determined that petitioner was not engaged in the carrying on of any trade or business in Grand Forks, North Dakota, during 1947, and that the claimed deductions are not allowable. We must therefore decide whether or not petitioner was carrying on a trade or business to which the claimed deductions were attributable in 1947.

Engaging in the practice of a profession is carrying on a trade or business within the meaning of section 23 (a) (1) (A) of the 1939 Code. See Regs. 111, sec. 29.23 (a) (5). Petitioner accordingly argues

that he was carrying on his law practice in North Dakota during 1947. We disagree for the reasons indicated below.

A brief résumé of the pertinent facts will aid our discussion. After many years of practice in Grand Forks, North Dakota, petitioner left there in 1944 and moved with his wife to Washington, D. C., upon his acceptance of a position with the Department of Justice. Thereafter until 1954 he maintained a residence with his wife in Washington, D. C. There is no evidence that he was at any time during 1947 physically present anywhere in the State of North Dakota or particularly in his office in Grand Forks. In any case, he admittedly performed no legal services in the office during that year, and his Government position kept him over a thousand miles away.

Also during 1947 he rendered his full-time legal services to the Department of Justice, and his only income that year was from the United States Government in payment for those services. He received no income that year from the practice of law in Grand Forks, or from any other source.

The main connecting factor between petitioner and his alleged law practice in Grand Forks was his maintenance of an office there during the year in question. His name and occupation were printed on the doors and windows, and the public and private files which he had accumulated over the years were kept there available for scrutiny by properly authorized persons.

At the time he accepted the position as a special assistant to the Attorney General, petitioner felt that he would return to Grand Forks upon his dismissal or resignation from Government service, probably at the end of the World War II which was then in progress. By 1947, however, he had been in Washington over 2½ years and he continued thereafter to remain away from Grand Forks until 1954. When asked at the hearing of the instant case why he maintained the office and paid the expenses on it in 1947, petitioner testified as follows:

Because the office had been in continuous operation and I contemplated coming back any time. I had what they called a temporary appointment and I expected to be back here at any time and I wanted to keep my contacts.

We have given full consideration to all of the facts in the instant case and it is our conclusion that petitioner was not carrying on a law practice in Grand Forks during 1947. We believe that there is a distinction which must be drawn between practicing law and maintaining an office available for the practice of law. Petitioner did only the latter. He performed no legal services there during 1947, and there is no evidence in the record to indicate that he had either time or opportunity to do so in that year. Petitioner's statement quoted above clearly indicates that his only purpose in maintaining the office was to have it ready for him to use immediately upon his return. Keeping

an office in readiness for use is not equivalent to actually using it for the practice of law.

In a limited sense, the instant case is analagous to those involving expenses incurred in preparation for engaging in a trade or business. We have held frequently that such expenses are not deductible as trade or business expenses within section 23 (a) (1) (A). See *Morton Frank*, 20 T. C. 511. In the instant case, petitioner in effect incurred expenses in preparation for the *resumption* of his trade or business; that is, his return to the practice of law in Grand Forks at some indefinite future date. Accordingly, we believe that the rule expressed in the cited case is here applicable.

Although there is no direct evidence in the record in this respect, petitioner probably derived some benefit from his expenditures incurred to keep his office open during the years of his absence. His name on the office windows and doors served to keep his name before the public to some extent. Moreover, the existence of his law office was notice to the community that he intended to resume his practice at some future date. Perhaps we could best characterize the benefit received by petitioner from the office during 1947 as the perpetuation of his goodwill. We believe that this is what petitioner had in mind when he testified, "I wanted to keep my contacts." The petitioner was, thus, attempting to maintain an asset from which his future income would be derived. He was not so much interested in current gain from his office as he was in maintaining it as a foundation for the future. These activities do not constitute carrying on a trade or business. See *James M. Osborn*, 3 T. C. 603; *Frederick A. Purdy*, 12 T. C. 888.

Since we have found that the office expenses are not attributable to a trade or business carried on by petitioner in 1947 and are therefore not deductible, we need not consider the question of whether or not some of the expenses were ordinary and necessary within the meaning of section 23 (a) (1) (A) of the 1939 Code.

For the sake of completeness, we mention that one of the office expenses claimed by petitioner was $10 for "Bar Board license," the annual license fee required to practice law in the State of North Dakota. Assuming that petitioner's employment by the Department of Justice was a trade or business and that the fee was ordinary and necessary to petitioner's continued engagement in that trade or business, it is not deductible under section 22 (n) (1) in addition to the standard deduction. Such a trade or business consists of the "performance of services by the taxpayer as an employee" which is a disqualifying condition contained in section 22 (n) (1). *J. Rene Harris*, 22 T. C. 1118; *Chester C. Hand, Sr.*, 16 T. C. 1410, 1414–1415. Since petitioner elected to claim the standard deduction, the license fee, if at all deductible, is included therein.

*Decision will be entered for the respondent.*