PETER G. CORBETT AND AMARYLLIS E. CORBETT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4426–69SC.    Filed March 1, 1971.

Peter G. Corbett, pro se.
*Harvey R. Poe*, for the respondent.

SIMPSON, *Judge*: The respondent determined a deficiency of $401.23 in the petitioners' 1967 Federal income tax. The issue for

decision is whether the petitioner was carrying on a trade or business within the meaning of section 162(a) of the Internal Revenue Code of 1954 [1] while she was pursuing a course of study leading to a Ph.D. degree.

Some of the facts have been stipulated, and those facts are so found.

The petitioners, Peter G. Corbett and Amaryllis E. Corbett, are husband and wife, who maintained their legal residence in Riverdale, N.Y., at the time of filing their petition in this case. They filed their joint 1967 Federal income tax return with the Internal Revenue Service Center, Andover, Mass. Mrs. Corbett will be referred to as the petitioner.

The petitioner received a bachelor of arts degree from Barnard College, Columbia University, and a master's degree in Germanic languages from Tufts University. Upon graduating from Tufts, she entered the teaching profession at Columbia University. Thereafter, she taught Germanic languages in the New York City college system from 1961 to 1966. Her last position in such system prior to 1967 was with Hunter College which terminated in June 1966.

At the time of the termination of her teaching at Hunter College, it was the petitioner's understanding that she would not be continued at such college because she was ineligible for tenure. She further understood that in order to be eligible for tenure in that system, it would be necessary for her to acquire additional education. At such time, the petitioner's daughter was 4 years old. The petitioner discontinued teaching at Hunter College because she found that she could not simultaneously continue to teach up to 23 hours of classes each week, care for a home and a very young child, and continue to work toward her doctorate.

Prior to leaving Hunter College in June 1966, the petitioner had done some work toward her doctorate at Columbia University. In September 1966, she began a course of study at New York University which was to lead to a Ph.D. degree in Germanic languages. She attended classes at night as a full-time student at New York University from September 1966 to June 1968. During such time, she earned the remaining course credits prerequisite to the award of a Ph.D. degree in her field, but she did not complete her thesis.

The petitioner, at the time she attended New York University as a full-time student, was not under contract to teach or to return to

---

[1] All statutory references are to the Internal Revenue Code of 1954.

teach in the New York City college system. There is no evidence that she sought a formal leave of absence from such system or that there was any understanding that she would return to such system. After leaving Hunter College in 1966, she was employed in both law and business on a temporary basis.

During the period June 1966 to September 1968, the petitioner kept in touch with persons in the teaching profession. She registered with teaching agencies and attended teachers' conferences. She received some offers for teaching positions. In one such instance, in September 1966, the petitioner was offered a position at the secondary school level in Long Island but did not accept such offer because it entailed long daily commuting and was not economically feasible.

In May 1969, the petitioner received notification from the Albert Teachers' Agency that a position in her field was vacant at the Suffolk County Community College on Long Island. During the months of September and October 1969, the petitioner wrote letters of inquiry to at least 41 colleges in California and placement services in the New York area, in Philadelphia, and in California. She also inquired about graduate fellowships. She received notice of a possible teaching position in her field at California Lutheran College at Thousand Oaks, Calif.

At the time of the trial of this case, July 2, 1970, the petitioner had not held a teaching position since she left Hunter College and had not completed the thesis for the Ph.D. degree from New York University.

On their 1967 return, the petitioners claimed a deduction for educational expenses of $1,604.99 incurred in connection with the petitioner's study as a full-time student at New York University in 1967. In his statutory notice of deficiency, the respondent disallowed such deduction and determined a deficiency in the petitioners' 1967 Federal income tax of $401.23. In their petition, the petitioners claimed an additional deduction for 1967 for transportation and parking fees of $320 incurred in connection with her full-time study at New York University in that year.

OPINION

The issue for decision is whether the petitioner's educational expenses may be deducted as a business expense under section 162(a) or whether the education was personal so that a deduction for the expenses is denied by section 262. Section 162(a) provides:

There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *

The respondent contends that such expenses are not deductible solely for the reason that the petitioner was not engaged in 1967 in "carrying on any trade or business" within the meaning of such section. Our decision will be limited to a resolution of such issue.

Whether or not activities carried on by an individual can be characterized as those of a trade or business under section 162(a) is a question of fact. *Morton* v. *Commissioner*, 174 F. 2d 302 (C.A. 2, 1949), affirming a Memorandum Opinion of this Court, certiorari denied 338 U.S. 828 (1949). In order for an expenditure to be deductible as a business expense, such expenditure must relate to activities which amount to the present carrying on of an existing business. *John F. Koons*, 35 T.C. 1092 (1961) ; *Munroe* v. *United States*, an unreported case (S.D. N.Y. 1965, 16 A.F.T.R. 2d 5170, 65–2 U.S.T.C. par. 9495). Amounts expended in preparation for the resumption of business at some indefinite future time are not deductible. *Henry G. Owen*, 23 T.C. 377 (1954) ; *Morton Frank*, 20 T.C. 511 (1953). Mere membership in good standing in a profession does not constitute "carrying on" a trade or business. *Henry G. Owen, supra.*

In *Harold Haft*, 40 T.C. 2 (1963), we held that a salesman who was temporarily without a product to sell was still in the trade or business of being a salesman and could deduct his expenditures for maintaining his relationships with his customers. In *Mary O. Furner*, 47 T.C. 165 (1966), we held that a public school teacher who attended graduate school full time for 1 school year was not in the trade or business of being a teacher since she was not then teaching, was not on leave from a teaching position, and was not actively seeking a teaching position. However, we were reversed by the Seventh Circuit which considered her educational program to be a normal incident of the teaching profession and concluded that she was still in the teaching profession. *Furner* v. *Commissioner*, 393 F. 2d 292 (C.A. 7, 1968). The case was distinguished from *Canter* v. *United States*, 354 F. 2d 352 (Ct. Cl. 1965), in which a nurse discontinued her nursing activities to attend college. She first obtained a bachelor's degree and then a master's degree. She did not resume nursing for a period of more than 4 years. It was held that she was not in the trade or business of nursing during such period.

The respondent has determined that the petitioner was not engaged in "carrying on" the trade or business of teaching in 1967. The petitioner has the burden of proving that such determination is incorrect. *Welch* v. *Helvering*, 290 U.S. 111 (1933) ; Rule 32, Tax Court Rules of Practice. Her evidence must be convincing. *Alfred M. Bedell*, 9 B.T.A. 270 (1927), affd. 30 F. 2d 622 (C.A. 2, 1929).

The petitioner has not proved by convincing evidence that she was actively carrying on the business of teaching during 1967. There is

no evidence of current teaching employment, of a leave of absence from such employment, or of an understanding which could be characterized as an informal leave of absence. To the contrary, it is clear that her employment in the New York City college system was completely terminated in 1966. She was not employed as a teacher during the period June 1966 to July 2, 1970, the date of the trial of this case. There is not the slightest evidence in the record that would show the existence of any understanding that she would return to teaching. Thus, the petitioner has failed to prove that there was any employment relationship, formal or informal, between herself and the New York City college system, or between herself and any other school or college system, after she left her position with Hunter College in June 1966.

Moreover, we are unable to find that during the period of her graduate studies at New York University the petitioner was actively seeking current employment as a teacher prior to the completion of such studies. The petitioner testified that during the period September 1966 through June 1968, she applied for teaching positions, she registered with teachers' agencies, and she was notified of vacancies to which she replied directly or through the teachers' agencies. However, she testified specifically to only one such instance. In that instance, the employment was to begin in September 1966 and was at the secondary school level at a school on Long Island. She testified that she did not consider such employment personally or financially feasible. Her testimony was otherwise vague and general.

In view of the vagueness of such testimony and her stated reasons for leaving her position at Hunter College, we are unable to conclude that any such attempts as she may have made to become employed as a teacher during the period June 1966 to June 1968 were undertaken seriously. The petitioner testified that she left her former teaching position because she was unable to simultaneously teach, study for her doctorate, and care for a home and a young child. As far as we can determine, this situation remained the same throughout the period June 1966 to June 1968 and thereafter. Moreover, the petitioner was at some time during the period June 1966 to July 1970 employed temporarily in both law and business. In summary, her contention that she was seeking a new teaching position at all times is not supported by specific and convincing evidence prior to 1969 and is inconsistent with her stated reasons for leaving her position at Hunter College.

To support her argument, the petitioner submitted copies of correspondence that she had with placement agencies and colleges regarding teaching positions. However, all this correspondence took place in 1969, and there is no specific evidence with respect to her efforts to find a teaching position between the time when she completed her course

work in June 1968 and May of 1969. There is evidence of communication with a teacher placement agency in May of 1969. Although the agency apparently had a position available for the petitioner, there is no evidence showing that the petitioner followed up the opportunity or as to why she did not secure the position. Most of the correspondence with colleges resulted in negative responses, but in one instance, she was asked to fill out an application; yet, the blank application was included in the evidence submitted, suggesting that the petitioner did not pursue the matter. Although the evidence submitted by the petitioner shows that she made a number of inquiries for a teaching position in 1969, she secured none, and the evidence indicates some lack of diligence on her part.

The petitioners rely upon the decision of the Seventh Circuit in *Furner* v. *Commissioner*, *supra*, but that case is factually distinguishable from the present case. Miss Furner was absent from active teaching for a period of 1 year during which time she completed the requirements for and received a Master's degree. One year was an appropriate period to complete the educational objective. Miss Furner was not employed in any other profession during the period of her graduate studies. She returned immediately to active teaching and taught the same general subjects as she taught prior to undertaking her graduate studies. In *Furner*, a showing was made that (1) additional education is often required by certain school systems, (2) full-time study could be the most effective way of accomplishing such education because very often the full range of courses would not be available to a part-time student, and (3) leaves of absence with or without pay were generally not granted for such purposes. Under these circumstances, the Court of Appeals found that such a course of study was an ordinary incident of the taxpayer's business of teaching.

On the contrary, the petitioner was away from active teaching for a period of at least 4 years—from the summer of 1966 to the summer of 1970. Although she claims to have made some efforts during such time to return to active teaching, we are not convinced that she was seriously seeking a teaching position prior to May of 1969, and there is even some doubt about whether she diligently pursued available opportunities thereafter. Furthermore, her testimony indicates that in part she left an active teaching career for personal reasons, her family responsibilities. Finally, at the time of the trial, the petitioner had not yet completed the requirements for the Ph.D. degree and had not yet returned to active teaching, and there was no showing that her educational program was a normal incident of her teaching career. In view of these distinctions, we hold that the petitioner was not still in the trade or business of being a teacher within the meaning of the Seventh Circuit's decision in *Furner*. This case is more similar to *Canter* v. *United States, supra*.

The petitioner has failed to prove that she was actively carrying on the business of teaching during 1967; therefore, her expenditures for graduate education during that year were not deductible under section 162(a). In view of our holding in this case, we need not consider the petitioner's claim for an additional deduction.

Accordingly,

*Decision will be entered for the respondent.*