DON E. WYATT AND LARUE WYATT, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 312–70 SC.    Filed June 16, 1971.

Don E. Wyatt, pro se.
*Edward G. Lavery,* for the respondent.

FORRESTER, *Judge:* Respondent has determined a deficiency in petitioners' joint Federal income tax for 1967 in the amount of $77.22.

The only issue for decision is whether LaRue Wyatt is entitled to a deduction for educational expenses incurred in 1967.

### FINDINGS OF FACT

Some of the facts have been stipulated. The stipulations and exhibits attached thereto are incorporated herein by this reference.

Petitioners herein are Don E. Wyatt and his wife, LaRue Wyatt (hereinafter sometimes referred to as LaRue), who both resided in Overland Park, Kans., at the time their petition in the instant case was filed. They filed a joint Federal income tax return for the year 1967 with the district director of internal revenue, Wichita, Kans.

LaRue received a bachelor of science degree in business administration from the University of Arkansas, Fayetteville, Ark., in June 1954.

After graduation [1] and prior to August 1967, she was employed as follows:

| | | |
|---|---|---|
| School year 1954–55 | Mt. Home Public Schools, Mt. Home, Ark. | Teacher |
| School year 1955–56 | Raymore High School, Raymore, Mo. | Teacher |
| 8/56 to 1/57 | Russell Stover Candies, Inc., Kansas City, Mo. | Secretary |
| 3/57 to 7/58 | Hesler Co., Inc., Prairie Village, Kans. | Secretary |
| 7/58 to 9/60 | Unemployed | |
| School years 1960–61, 1961–62, and 1962–63. | Stanley High School, Stanley, Kans. | Teacher |
| Summer, 1963 to fall, 1964. | School Youth Vocation Planning Board, Johnson County, Kans. | Secretary (part time) |
| 12/64 to 7/65 | Moloney Electric Co., Prairie Village, Kans. | Secretary |
| 7/65 to 7/67 | Hesler Co., Inc., Prairie Village, Kans. | Secretary |

When LaRue was employed as a teacher she taught secretarial skills, i.e., typing, shorthand, and bookkeeping. In 1967 she had a valid teaching certificate certifying that she was qualified to teach in the secondary public schools of the State of Kansas.

In February 1967, LaRue decided to continue her education further and enrolled as a student at the University of Missouri at Kansas City (hereinafter sometimes referred to as U.M.K.C.). She attended classes on a part-time basis in the evening during the term extending from February 6, 1967, to June 2, 1967, and during the June 5, 1967, to August 4, 1967, term, attended classes in the daytime. She expended a total of $458.07 for both terms.

During the aforementioned two terms, LaRue enrolled in a total of six academic courses. Of the six courses, five were in the field of education and one, entitled "Law and Business Administration," was in the field of business administration.

LaRue commenced employment on August 28, 1967, as a teacher in the Shawnee Mission High School District No. 6, Shawnee Mission, Kans. The contract for this employment was entered into on March 3, 1967. After beginning her job at Shawnee Mission High School, she enrolled as a candidate for a master of arts degree at U.M.K.C. in September 1967. Between September 1967 and August 1968, she completed work on the degree with a major in education, which she received in August 1968. During this period of time LaRue enrolled in a total of five academic courses, three of which were in the field of education and two (apparently electives) were in business adminis-

---

[1] LaRue worked as secretary for 3 months immediately after graduation but the record does not indicate for whom or where.

tration. The latter two courses were entitled "Managerial Accounting" and "Law and Society."

In her joint income tax return for the year 1967, LaRue deducted her education expenses for 1967 at U.M.K.C. as a business expense. Respondent denied the deduction to the extent of the $458.07, which was incurred during her first two terms at U.M.K.C., but allowed her expenses for the third term which began after she had resumed teaching.

OPINION

In the spring and summer of 1967, while still employed as a secretary, LaRue Wyatt incurred certain educational expenses. She took six courses at U.M.K.C., five of which were in the field of education and one in the field of business administration. According to petitioners, the expenditures were incurred for the purpose of improving, and in fact did improve, skills required in LaRue's trade or business of being a school teacher or (alternatively) her trade or business of being a secretary, and hence, were deductible under section 1.162–5, Income Tax Regs.[2]

Respondent, on the other hand, argues that LaRue was not engaged in the trade or business of being a teacher at the time the disallowed expenses were being incurred. According to him, the expenses were merely preparatory to resuming such trade or business. Respondent argues further that such expenses cannot be considered to have been incurred to improve skills required in LaRue's trade or business of being a secretary, and hence, they are not deductible under section 1.162–5, Income Tax Regs.

---

[2] Sec. 1.162–5, as added by T.D. 6291, 1958–1 C.B. 63.

EXPENSES FOR EDUCATION.—(a) Expenditures made by a taxpayer for his education are deductible if they are for education (including research activities) undertaken primarily for the purpose of:

.(1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business * * *

*      *      *      *      *      *      *

Whether or not education is of the type referred to in subparagraph (1) of this paragraph shall be determined upon the basis of all the facts of each case. If it is customary for other established members of the taxpayer's trade or business to undertake such education, the taxpayer will ordinarily be considered to have undertaken this education for the purposes described in subparagraph (1) of this paragraph. * * *

(b) Expenditures made by a taxpayer for his education are not deductible if they are for education undertaken primarily for the purpose of obtaining a new position or substantial advancement in position, or primarily for the purpose of fulfilling the general educational aspirations or other personal purposes of the taxpayer. * * *

Sec. 1.162–5, as amended by T.D. 6918, 1967–1 C.B. 36:

EXPENSES FOR EDUCATION.—(a) *General rule.*—Expenditures made by an individual for education (including *research undertaken as part of his educational program*) which are not expenditures of a type described in paragraph (b)(2) or (3) of this section are deductible as ordinary and necessary business expenses (even though the education may lead to a degree) if the education—

(1) Maintains or improves skills required by the individual in his employment or other trade or business * * *

It is well settled that merely being a member in good standing of a profession is not the "carrying on of a trade or business." *Henry G. Owen*, 23 T.C. 377 (1954). Thus, although LaRue had a valid teaching certificate in 1967 and, indeed, has met all minimum requirements for teaching for many years, this fact alone does not establish that she carried on a trade or business of teaching at the time she incurred her education expenses. Nor did the signing of a contract in March 1967 cause her ipso facto to be engaged in the teaching profession at that time. Cf. *Mary O. Furner*, 47 T.C. 165, 170 (1966), reversed on other grounds 393 F.2d 292 (C.A. 7, 1968).

The evidence establishes that from summer 1963 until late August 1967, LaRue was employed as a secretary, not as a teacher. Also, prior to summer 1963, she was employed as a secretary at various times between teaching positions. Her three consecutive jobs as a secretary from 1963 to 1967 were not undertaken to improve her secretarial teaching skills by firsthand experience in the secretarial field itself. A 4-year absence from teaching was unnecessary to serve such a purpose. As LaRue herself admitted with regard to her last secretarial position at Hesler Co., Inc.:

I know that it probably does not take 2 and a half year but, on the other hand, an employment record, if you take a job for 6 months and then quit and go back into teaching, it sometimes becomes difficult, then, for you to obtain another secretarial job. So, I felt that time-wise I owed it to the company to stay a little bit longer than that, than 6 months or so.

Indeed, she testified that she moved to Hesler Co., Inc., from a 6-month stay at Moloney Electric Co. because the Hesler job paid more.

In 1963, once LaRue commenced work as a secretary, and no longer sought to procure a teaching job, we think she ceased being engaged in that trade or business. Employment in three different secretarial jobs and such a long absence from teaching, coupled with no apparent effort on her part to seek a teaching position for over 2 years, are sufficient to negate any other evidence in the record which might lead to a contrary conclusion.

LaRue may have always intended to return to teaching once she had completed her sojourn as a secretary, but under these circumstances an intention to return at some indefinite point in the future does not establish the requisite "conduct of the trade or business of teaching" during LaRue's absence from actual instructing. Nor for that matter, did the mere acceptance of a position at Shawnee High School, to commence in the future, establish such conduct.

As we view it, LaRue's efforts to procure a teaching job in the fall of 1966, and the actual procuring of such a job in 1967, as well as her enrollment at U.M.K.C. in the spring and summer of 1967, were pre-

paratory to a resumption of her old trade or business. Expenses incurred in such preparation are not deductible. See *C. Fink Fischer*, 50 T.C. 164 (1968); *Henry G. Owen*, 23 T.C. 377 (1954); compare *Harold Haft*, 40 T.C. 2 (1963). Accordingly, LaRue may not deduct her education expenses as expenses of a trade or business of being a teacher.

We note that the instant case is distinguishable from *Furner* v. *Commissioner*, 393 F. 2d 292 (C.A. 7, 1968), reversing 47 T.C. 165 (1966), which was cited by petitioner on brief. In that case the taxpayer taught history during the school years 1957–58, 1958–59, and 1959–60, and then resigned her teaching position to become a full-time graduate student during the school year 1960–61. She pursued this path because of the difficulty she encountered in obtaining desired courses on a part-time basis while teaching. In September 1961, she resumed teaching pursuant to a contract signed in April 1961. We held that the taxpayer was not practicing the teaching profession at any time during the school year 1960–61, but the Seventh Circuit reversed, holding that a year of graduate study under the circumstances was a normal incident of carrying on a trade or business of teaching and therefore deductible. Apparently the taxpayer, in the view of the circuit court, was never out of the business of teaching.

In *Furner*, the taxpayer was not engaged in any other trade or business after she resigned from her teaching position. She was only absent from work for a year and apparently reasonably expected to return to teaching immediately after completion of courses in her field. In contrast, LaRue absented herself for nearly 4 years, entered a different occupation than teaching during the period, and, at best had an intent to return to work as a teacher at some indefinite point in the future. In short, LaRue ceased her trade or business of teaching and the petitioner in *Furner*, according to the circuit court, had not. By no stretch of the imagination can LaRue's absence from actual teaching be considered a normal incident of teaching. See also *Peter G. Corbett*, 55 T.C. 884 (1971).

Petitioner has also argued that her education expenses are deductible in her trade or business of being a secretary. Under section 1.162–5, Income Tax Regs., as promulgated by T.D. 6291, 1958–1 C.B. 63, *supra*, the expenses of education undertaken primarily for the purpose of maintaining or improving skills required in her employment as a secretary would be deductible. This regulation was in effect during the taxable year here in issue. It was subsequently revised by T.D. 6918, 1967–1 C.B. 36, which established an objective test for deductibility, i.e., whether in fact the education maintains or improves skills required by the individual. For years prior to 1968, taxpayers may rely

on the 1958 regulations or the 1967 regulations. Rev. Rul. 68–191, 1968–1 C.B. 67. Petitioner fails, however, under both tests.

Under the 1958 regulation, LaRue has not carried her burden of proof to show that her purpose was to improve skills required in her employment as a secretary. The evidence indicates, to the contrary, that the courses she took were undertaken for the purpose of improving her skills as teacher. She began her course at approximately the time she signed a contract for employment as a teacher. Five of the six courses she took were in the education field and only one, Law and Business Administration, related to possible secretarial uses. After the two terms, LaRue continued her enrollment at U.M.K.C. and obtained a masters in education. The objective facts negate any "purpose" to improve her secretarial skills. Rather they point to a purpose of preparing to resume teaching after having been away from it for some time.

The above facts also require a denial of any deduction pursuant to the 1967 regulations. Objectively the education courses she took would not improve her skills as a secretary. Perhaps the business administration course did; however, we need not decide whether there need be a prorata allowance for this one course, since LaRue furnished no evidence from which we can ascertain whether this small portion of her education was required in her employment as a secretary. The deduction is not allowed pursuant to the 1967 regulation.

*Decision will be entered for the respondent.*