STANLEY R. LENIHAN AND ALMA LEE LENIHAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Lenihan v. Commissioner
Docket No. 2681-76.
United States Tax Court
T.C. Memo 1977-379; 1977 Tax Ct. Memo LEXIS 65; 36 T.C.M. (CCH) 1540; T.C.M. (RIA) 770379; October 31, 1977, Filed Stanley R. Lenihan, pro se. Lawrence G. Becker, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $171.24 deficiency in petitioner's [1] 1973 Federal income tax. The sole issue for decision is whether petitioner is entitled to a deduction for certain educational expenses incurred in 1973. FINDINGS OF FACT Petitioner resided in San Pablo, California, at the time he filed his petition. In 1952 petitioner received a Bachelor of Science degree in mathematics from the University of California at Los Angeles ("UCLA"). In 1954 he received a Master's Degree in mathematics from UCLA. During *66 the summer of 1954 petitioner began working for Northrop Aircraft, Inc., but returned to UCLA for the academic year 1954-1955 as a Ph.D. candidate. In 1955 he left UCLA and went to work for General Dynamic Corp., Convair Division, where he was employed until 1956. In early 1956 he was employed by Ralph M. Parsons Company, and in the latter part of 1956 he worked for General Electric Company. He stayed with General Electric until he moved in 1958 to Lawrence Radiation Laboratory. He remained with Lawrence Radiation Laboratory until 1960 when he was employed by Gulf General Atomic, Inc. ("GGA"). He stayed at GGA until March 1, 1969. The work petitioner did in all these jobs was similar, namely, he applied his mathematics background to nuclear engineering. Petitioner's employment with GGA was terminated because of a personality conflict with his supervisor. He had no understanding or agreement with GGA concerning reemployment at any future date. Prior to leaving GGA petitioner had applied to UCLA and the University of California at Berkeley ("UC") to be admitted to their Ph.D. programs. Petitioner was accepted by UC and began its Ph.D. program in Applied Mathematics in the *67 spring of 1969. At the time of trial in March 1977 petitioner was still participating in the Ph.D. program but had not yet received his degree. During 1973 petitioner was a full-time student at UC. His particular area of interest was mathematics directed toward cancer programs and various problems of nonlinear oscillation. During 1973 he incurred educational expenses in the amount of $1,100. During the summers of 1970 and 1971, petitioner applied for various jobs as a nuclear engineer, but was unable to find employment. From 1971 through 1975 he also applied to various community colleges for either a part-time or full-time job as a mathematics teacher, but again failed to obtain any employment. In 1973 he obtained a part-time position teaching mineralogy at Butte College (near Oroville, California) on weekends. Subsequent to 1973, petitioner taught mathematics without pay in junior high schools and high schools in Oakland, California. While attending UC he held various odd jobs including that of a parking lot attendant. On his 1973 income tax return petitioner claimed a $1,100 deduction for education expenses. In his statutory notice respondent disallowed the claimed *68 deduction in its entirety. OPINION The question presented in this case is whether petitioner was carrying on a trade or business in 1973 when he incurred the educational expenses in issue. We conclude that he was not. [2]
Section 162 [3] provides that "there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." [Emphasis added.] Whether a taxpayer is engaged in carrying on a trade or business is a question of fact. Corbett v. Commissioner,55 T.C. 884, 887 (1971). Petitioner contends that his trade or business is that of being a scientist. We disagree. In 1969 petitioner had left his last employment, with no intention of returning to it, in order to obtain a Ph.D. Petitioner was still a full-time student, working on his Ph.D. during the year in issue (1973) and during the year of the trial *69 of this case (1977). Though petitioner applied for various jobs during his Ph.D. candidacy, they were for the most part summer or part-time jobs which would not interfere with his education. When a taxpayer leaves his trade or business for a prolonged period of study with no apparent continuing connection with his former job or any clear indication of an intention to actively carry on the same trade or business upon completion of study, the taxpayer is not "carrying on" his trade or business while attending school. Canter v. United States,354 F. 2d 352 (Ct. Cls. 1965) (a nurse discontinued nursing activities for more than four years while obtaining Bachelor's and Master's degrees in nursing); Corbett v. Commissioner,supra (a teacher discontinued teaching and commenced full-time study leading to a Ph.D., and four years later at the time of trial was still a full-time student). Mere membership in good standing in a profession does not constitute "carrying on" a trade or business. Owen v. Commissioner,23 T.C. 377 (1954). Petitioner has not proved by convincing evidence that he was actively carrying on the business of being *70 a mathematician in the field of nuclear engineering. He terminated his employment in that field, and has not sought to obtain new employment in that same field. In fact, the record indicates that petitioner probably plans to change to a teaching career upon obtaining his Ph.D. degree. Therefore it cannot be concluded from the record before us that petitioner ceased to be employed temporarily in order to undertake more education preparatory to resuming the same type of employment or business. Under the circumstances, petitioner was not carrying on a trade or business during 1973. Petitioner has also made a vague constitutional argument apparently based upon the contention that the United States Government caused the termination of his employment on March 1, 1969, and consequently should underwrite the cost of his education in 1973. This argument is without merit. Decision will be entered for respondent.
Footnotes
1. Alma Lee Lenihan is a party solely by virtue of having filed a joint return with her husband, Stanley R. Lenihan, who will be referred to as "petitioner."↩
2. Respondent also argues that petitioner does not meet the requirements of Sec. 1.162-5, Income Tax Regs.↩ We do not reach this question.
3. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩