ESTATE OF HENRY SUSSMAN, Deceased, PUBLIC ADMINISTRATOR OF NEW YORK COUNTY, Administrator, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Sussman v. Commissioner
Docket No. 4547-76.
United States Tax Court
T.C. Memo 1978-344; 1978 Tax Ct. Memo LEXIS 173; 37 T.C.M. (CCH) 1430; T.C.M. (RIA) 78344; August 30, 1978, Filed Louis A. Gruhin, for the petitioner. David A. Schmudde, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined a deficiency of $ 461.12 in petitioner's 1974 Federal income tax. [1] The sole issue for decision is whether petitioner was in the trade or business of being an accountant in 1974. *174 All of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference. Petitioner was a legal resident of New York, New York, at the time that the petition was filed herein. Until his retirement at the age of 70 in 1970, petitioner had been employed as an accountant for many years by the City of New York. He was a certified public accountant. From the time of his retirement until his death on October 18, 1977, his income consisted solely of a pension, social security, and interest from savings. At no time during this period did petitioner attempt to secure employment or enter into practice as an accountant. During 1974, petitioner expended and claimed deductions of $ 2,009 for educational expenses and $ 838 for other miscellaneous expenses allegedly related to his trade or business. In the notice of deficiency, respondent disallowed all of these claimed deductions except for $ 167 paid to professional organizations. The parties agree that the deductibility of all the disallowed items depends upon whether petitioner's educational expenses are deductible under section 162(a) [2] *175 which allows a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *". See Davis v. Commissioner,65 T.C. 1014, 1017 (1976). Critical to such deductibility is the requirement that the taxpayer be engaged in a trade or business. Whether or not activities of the taxpayer meet this requirement is a question of fact. See Corbett v. Commissioner,55 T.C. 884, 887 (1971). During 1974, petitioner was fully retired. He earned no income as an accountant [3] and there is nothing in the record to indicate that he had any intention or plan to resume practice as an accountant. Even if he had had such an intention, it would not be sufficient to sustain his claimed deductions. Expenditures incurred to enable a taxpayer to resume the active conduct of his profession at some unspecified later date are not deductible. See Canter v. United States,354 F.2d 352 (Ct. Cl. 1965); Corbett v. Commissioner,supra; *176 Owen v. Commissioner,23 T.C. 377 (1954). Clearly no temporary hiatus in petitioner's activities is indicated. Compare Haft v. Commissioner,40 T.C. 2 (1963), with Corbett v. Commissioner,supra.Nor can petitioner obtain any sustenance from his assertion that his expenditures were designed to enable him to continue as a member in good standing of the accounting profession. See Wyatt v. Commissioner,56 T.C. 517, 520 (1971). We hold that the expenditures involved herein are not deductible under section 162. Decision will be entered for respondent.
Footnotes
1. The original petitioner, Henry Sussman, died on October 18, 1977. On December 15, 1977, we granted a joint motion to substitute the estate as a party and to change the caption in this case accordingly. Rule 63(a), Tax Court Rules of Practice and Procedure.↩ The term petitioner as used throughout this opinion refers to Henry Sussman, since the issue to be decided revolves around his actions.
2. All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable year at issue.↩
3. Petitioner argues that his pension is income from his trade or business, since it was received because of his prior service as an accountant and it is fully taxable as earned income. The pension is merely deferred compensation for his earlier services and is properly allocable to petitioner's active employment prior to retirement.↩