KENNETH W. DICKMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dickman v. Commissioner
Docket No. 3699-79.
United States Tax Court
T.C. Memo 1983-484; 1983 Tax Ct. Memo LEXIS 313; 46 T.C.M. (CCH) 1102; T.C.M. (RIA) 83484; August 15, 1983. Kenneth W. Dickman, pro se. Michele D. Palmer, for the respondent. WILBUR
MEMORANDUM FINDINGS OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency of $309 in petitioner's Federal income tax for the taxable year 1975. The issue for decision is whether petitioner may deduct expenditures for travel, tools, equipment and supplies, professional books, and union dues as business expenses under section 162(a).[1]
FINDINGS OF FACT Petitioner resided in Granada Hills, California at the time he filed his petition herein. Petitioner and his wife filed a joint Federal income *314 tax return with the Internal Revenue Service. [2]
From 1956 through 1970, petitioner was employed by the California Division of Lockheed Aircraft Corporation as a research scientist. Petitioner's work, which was performed under the security regulations of the Department of Defense, involved five or six hundred individual assignments in the biological, physical, and social sciences. In March 1970, petitioner was laid off from his job at Lockheed and has been unemployed ever since. From 1970 until early 1972, however, he investigated job possibilities in his field but met with no success. In March 1972, petitioner ceased searching for a job and has not actively sought employment thereafter. In 1972, petitioner became 55 years old and, in June of that year, began receiving monthly retirement payments of $181.05 from Lockheed Corporation. Petitioner was receiving these retirement payments at the time of the trial herein. In 1972 and 1973, petitioner took language courses in German and Japanese to acquire skills in translating technical literature into English. In 1975, he traveled to Europe to obtain dictionaries *315 to improve his ability to translate foreign literature. Petitioner's European trip lasted twenty-five days and covered six Northern European countries. Petitioner spent sixteen of those days as follows: Number of Days
Activity
10
Travel to and from Europe and
travel between several European
countries.
2
Recovering from jet lag, rest.
2
Sightseeing with wife.
1
Searching for accommodations.
1
Attempting to have battery
charger repaired.
There was no evidence offered as to the extent or purpose of petitioner's activities in Europe during the remaining nine days. In 1975, petitioner earned no money as a research scientist, and had no clients or customers. While the was employed with Lockheed, he was never required to perform any research overseas. In his notice of deficiency, respondent disallowed the $1,495 travel expense claimed by petitioner in connection with his trip to Europe in 1975. In addition, respondent disallowed $225 in expenses claimed by petitioner for tools, equipment and supplies, $135 for union dues, and $466 for professional books. OPINION The issue for decision is whether petitioner was carrying on a trade or business *316 as a research scientist in 1975. Petitioner contends that his travel expenses incurred in searching for technical dictionaries in 1975 improved his skills in translating foreign scientific literature and was helpful to his career as a research scientist.He maintains that he was actively employed as a research scientist until he was laid off in 1970 and that he hoped that these skills would assist him in securing future employment. Thus, petitioner claims that his expenses related to his profession and were deductible under section 162. Conversely, respondent contends that petitioner was not in the trade or business of a research scientist in 1975 since he had not been employed for the previous five years and had no definite intention to resume practice thereafter. Thus, respondent maintains, petitioner had no trade or business to support a business deduction in 1975. We agree with respondent. Section 162(a) allows a deduction for ordinary and necessary business expenses. In order for an expenditure to be deductible as a business expense, the expense must relate to activities which amount to the present carrying on of an existing business. Reisinger v. Commissioner,71 T.C. 568, 572 (1979); *317 see Koons v. Commissioner,35 T.C. 1092, 1100 (1961). Whether activities carried on by an individual are to be characterized as those of a trade or business under section 162(a) is a question of fact. Reisinger v. Commissioner,supra at 572; Ford v. Commissioner,56 T.C. 1300, 1307 (1971), affd. 487 F.2d 1025 (9th Cir. 1973); Corbett v. Commissioner,55 T.C. 884, 887 (1971). Although currently unemployed, a taxpayer can still be engaged in a trade or business if he or she was previously involved in and actively seeks to return to that trade or business. Haft v. Commissioner,40 T.C. 2 (1963). Cf. Furner v. Commissioner,393 F.2d 292 (7th Cir. 1968), revg. 47 T.C. 165 (1966) and Ford v. Commissioner,supra (taxpayer who temporarily leaves job to attend school full time may be "carrying on a trade or business" while in school). Expenditures made in anticipation of resuming business at some indefinite future time, however, are not deductible. Owen v. Commissioner,23 T.C. 377 (1954). In the present case, petitioner *318 was actively employed as a research scientist for 15 years for Lockheed before he was laid off in 1970. For the next two years, petitioner sought, but was unable to find, suitable employment in his field. In 1972, petitioner ceased searching for employment. Instead, he decided to "lay low for three years or more" conceding that he "didn't have any particular time in mind." From 1972 until 1975, he performed no work as a research scientist and indeed, had not been so employed at the time of trial. During those years, petitioner received retirement payments from Lockheed and earned some money from investments. In light of the stipulated facts in the record along with petitioner's unequivocal testimony that he ceased looking for a position as a research scientist in 1972 and thereafter had no definite intention to resume employment in his field, we find that petitioner was not carrying on a trade or business in 1975. Under limited circumstances, a taxpayer may be considered as being in a trade or business in a year in which no income is received from that trade or business. Primuth v. Commissioner,54 T.C. 374, 378 (1970); Haft v. Commissioner,supra. *319 Thus, a taxpayer who temporarily ceases active participation in a trade or business during a transition period between leaving one position and obtaining another may be "carrying on a trade or business" during the transition period. See Haft v. Commissioner,supra.In Haft, we held that a costume jewelry salesman who severed his connections with his supplier in September 1957 and who in 1958 was endeavoring to obtain a new source of costume jewelry to sell should be allowed to deduct those expenses properly referrable to his trade or business. We emphasized (40 T.C. at 6) that "petitioner did not cease to be in the costume jewelry business in 1957 and 1958 merely because he temporarily had no merchandise to sell." Rather, "[i]t was a period of transition in which he was actively seeking another connection that would enable him to continue to serve the same customers with whom he had previously dealt." Id.
In the instant case, however, there is nothing in the record to indicate that in 1975, petitioner had any intention or definite plan to resume practice as a research scientist. In fact, petitioner testified that in 1978 he decided *320 to retire since his income from investments made it unnecessary for him to search for employment. Even assuming that he had such intention in 1975 and that his search for technical dictionaries in Europe constituted an ordinary and necessary business expense, it would not be sufficient to sustain his travel expenditure. Expenses incurred to enable a taxpayer to resume the active conduct of his profession at some unspecified later date are not deductible. Corbett v. Commissioner,55 T.C. 884 (1971); Owen v. Commissioner,23 T.C. 377, 381 (1954); Frank v. Commissioner,20 T.C. 511, 514 (1953). In addition, he had not worked as a research scientist for the preceding five years and no temporary hiatus in petitioner's activities is indicated. Compare Haft v. Commissioner,supra at 6, where we found that the calendar year 1957 was a reasonable period of transition.[3] Thus, it is clear that petitioner was not carrying on a trade or business in 1975. *321 That petitioner still maintained his status as a research scientist in 1975 does not alter our decision. Membership in a profession does not necessarily mean that one is carrying on the trade or business of that profession. Reisinger v. Commissioner,71 T.C. at 572; Wyatt v. Commissioner,56 T.C. 517, 520 (1971). Thus, the issue herein is not whether petitioner was a qualified member of the research science profession but whether he was engaged in the trade or business of being a research scientist at the time he incurred the expenses. Based on the record in the present case, the nexus of petitioner's expenditures in 1975 to the active conduct of a trade or business is too tenuous to support a deduction under section 162. [4]
*322 Accordingly, we hold that petitioner was not carrying on his trade or business as a research scientist in 1975. Respondent's disallowance of petitioner's claimed deductions for traveling expenses, union dues, tools, equipment and supplies during such year must therefore be upheld. Additionally, petitioner has not met his burden of proving his claimed deduction for "professional books" which included subscriptions to the New York Times, the Los Angeles Times and the cost of a library card at U.C.L.A. Aside from his general testimony that these amounts were expended to improve his investment situation, he has offered no evidence on this point. See Rule 142(a), Tax Court Rules of Practice and Procedure. Accordingly, respondent's disallowance of these expenses is sustained. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year at issue.↩
2. Petitioner's wife, however, did not file a petition herein.↩
3. As the period of time a taxpayer remains without connection to his former job or without any clear indication of an intention to actively carry on a trade or business increases, this begins to weigh as evidence that he is no longer "carrying on" his trade or business. Cf. Canter v. United States,173 Ct. Cl. 723, 354 F.2d 352 (1965) (a nurse discontinued nursing activities for more than four years while obtaining a bachlor's and master's degree in nursing); Corbett v. Commissioner,55 T.C. 884↩ (1971) (a teacher discontinued teaching and commenced full-time study leading to a Ph.D. and four years later at the time of trial was still a full-time student).
4. Brooks v. Commissioner,274 F.2d 96 (9th Cir. 1959), revg. 30 T.C. 1087 (1958), relied upon by petitioner, is distinguishable. In Brooks, an accomplished research scientist claimed a deduction for travel and living expenses while she was in Europe doing research. The Ninth Circuit held that the taxpayer was engaged in a trade or business when she incurred these expenses. The court based its decision, in part, upon the following factors: (1) petitioner was required by her contract to engage in continuous research in order to maintain her position with the University of California; (2) the profit she had derived in previous years from her research, and her undisputed testimony that she expected to derive profit in the future; (3) the expenses were incurred in research which was her sole present activity and not for the purpose of securing another job; and (4) the many years spent by petitioner in similar research throughout the world. 274 F.2d at 99. In the instant case, however, petitioner had no employment contract and no position to maintain. He indicated no definite plan or expectation of deriving future profit or securing future employment as a result of his travels. Additionally, petitioner testified that he was never required to travel to Europe while employed by Lockheed. Thus, the facts herein differ substantially from those in Brooks v. Commissioner,supra.↩