SAMUEL L. AND CAROL A. TAYLOR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Taylor v. Commissioner
Docket No. 6323-90
United States Tax Court
T.C. Memo 1992-174; 1992 Tax Ct. Memo LEXIS 185; 63 T.C.M. (CCH) 2514; March 24, 1992, Filed *185 An appropriate order will be issued on respondent's motion for damages. Decision will be entered under Rule 155. Michael J. Majeski, for petitioners. Mary E. Dean, for respondent. PETERSON
PETERSON
MEMORANDUM FINDINGS OF FACT AND OPINION PETERSON, Chief Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Respondent determined a deficiency in petitioners' Federal income tax for the taxable year 1988 in the amount of $ 292, and also determined an addition to tax pursuant to section 6653(a)(1) in the amount of $ 15. After concessions by petitioners, the issues remaining for decision are: (1) Whether petitioners are entitled to deductions for various amounts claimed as Schedule A expenses; (2) whether petitioners are entitled to deductions for various amounts claimed as Schedule C expenses; (3) whether petitioners are entitled to deduct amounts claimed as charitable contributions; (4) whether petitioners are liable under section *186 6653(a)(1) for an addition to tax; and (5) whether petitioners are liable for a penalty to the United States under section 6673. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in Edina, Minnesota, at the time their petition was filed. Petitioners Samuel L. Taylor (Mr. Taylor) and Carol A. Taylor (Mrs. Taylor) are husband and wife. Mr. Taylor is a licensed practicing teacher, and he also operates a management consulting business (Sam Taylor Associates) from petitioners' three-bedroom apartment. Two of petitioners' three children live with them in the apartment. Mr. Taylor is a life member of the National Association for the Advancement of Colored People (NAACP), and, in 1988, he volunteered certain services to the organization. Mrs. Taylor is also a licensed teacher, but she has not held a teaching position since 1976. Since 1976, Mrs. Taylor has worked with Sam Taylor Associates, and has worked as a rental agent. However, to maintain her teaching license and to enhance her marketability as a teacher, Mrs. Taylor has continued her education. She obtained a master's *187 degree in education in 1982, and in 1988 took courses to earn a specialist degree in education. However, Mrs. Taylor was diagnosed with lupus in 1988, and is now precluded from teaching. On Schedule A of their 1988 tax return, petitioners deducted $ 1,740 as unreimbursed employee expenses. The deduction consists of (1) $ 1,157.50 paid for Mrs. Taylor's educational expenses, which includes travel expenses incurred for attending classes; (2) union dues in the amount of $ 487.50 for various teachers' associations; and (3) $ 95 for a donation made to the United Way. We note that petitioners misclassified this donation on their return as an unreimbursed employee expense, rather than as a charitable contribution. In any event, respondent disallowed the above amounts in their entirety for lack of substantiation. On Schedule C of their 1988 tax return, petitioners claimed $ 8,594 in deductions and reported a loss of $ 7,899 from Sam Taylor Associates. The deductions consisted of bank service charges, automobile expenses, dues and publications fees, insurance and office expenses, a home office deduction for rent, supplies expenses, travel and entertainment expenses, and telephone expenses. *188 Respondent disallowed $ 7,762 of the reported loss. Petitioners also deducted $ 750 as a charitable contribution to the NAACP, consisting of the fair market value of Mr. Taylor's volunteered services in 1988. Respondent disallowed this deduction in its entirety. OPINION Petitioners have petitioned this Court on five separate occasions. Three of the cases were dismissed for failure properly to prosecute (docket Nos. 5631-79, 29886-86 and 29887-86). In the instant case, petitioners are relitigating some of the same issues that were before the Court for their taxable year 1981 in Taylor v. Commissioner, T.C. Memo. 1985-499. I. Petitioners' Schedule A
A. Educational Expenses
Petitioners contend they are entitled to a Schedule A deduction for educational expenses incurred by Mrs. Taylor during 1988 because the education was related to her trade or business as a teacher. In Taylor v. Commissioner, supra, petitioners deducted educational expenses related to Mrs. Taylor's continuing education in 1981. We denied the deduction in that case, holding that due to the length of time Mrs. Taylor had been away from teaching, and *189 considering her involvement in Mr. Taylor's business, she was no longer engaged in the trade or business of teaching. Citing Reisinger v. Commissioner, 71 T.C. 568 (1979), and Corbett v. Commissioner, 55 T.C. 884 (1971), we specifically informed petitioners that a former teacher is not entitled to deduct educational expenses incurred during a period in which she was not engaged in the trade or business of teaching. Taylor v. Commissioner, supra.
Mrs. Taylor's situation has not changed since 1981; she simply has not been engaged in the trade or business of teaching since 1976. Petitioners are not entitled to deduct the educational expenses incurred by Mrs. Taylor during 1988 for the reasons set forth in Taylor v. Commissioner, supra.
B. Union Dues
Petitioners deducted $ 487.50 for union dues Mr. Taylor allegedly paid in 1988 to various educational organizations. However, petitioners are only able to substantiate dues paid in the amount of $ 378, and, accordingly, the deduction is limited to this extent. Taylor v. Commissioner, supra.
C. United Way and NAACP
*190 Petitioners' $ 1,740 deduction for unreimbursed employee expenses included a charitable contribution in the amount of $ 95, of which petitioners are able to substantiate $ 80. Accordingly, petitioners are entitled to a charitable contribution deduction in the amount of $ 80. Petitioners also deducted $ 750 as a charitable contribution to the NAACP. Respondent disallowed the contribution in its entirety because it was a contribution of Mr. Taylor's time and services, and not a contribution of cash or other property. We agree with respondent. In general, taxpayers are entitled to deduct charitable contributions made during the taxable year to or for the use of certain types of organizations. Sec. 170(a)(1), (c). However, the law is clear that no deduction is allowable under section 170 for the fair market value of a contribution of personal services. Grant v. Commissioner, 84 T.C. 809, 816 (1985), affd. without published opinion 800 F.2d 260 (4th Cir. 1986); sec. 1.170A-1(g), Income Tax Regs.
II. Petitioners' Schedule C
A. Home Office Expenses
Section 280A(c)(1)(A) permits a deduction with respect to a dwelling unit used as *191 a residence by a taxpayer during the taxable year if an allocable portion of the residence is used exclusively on a regular basis as the principal place of business for any trade of business of the taxpayer. In Taylor v. Commissioner, supra, we allowed petitioners a deduction for an office in their home as a business expense in 1981. Petitioners claimed a similar deduction on their 1988 return in the amount of $ 6,448. Respondent argues that petitioners are not entitled to a home office deduction because in 1988, unlike 1981, no allocable portion of petitioners' apartment was used exclusively on a regular basis as the principal place of business for Sam Taylor Associates. We agree with respondent. Although we allowed petitioners a home office deduction for the use of one of their three bedrooms in 1981 on the ground that it was used exclusively and regularly as the sole office for Sam Taylor Associates, during the year at issue, Sam Taylor Associates was operated from an undivided area of the living room petitioners refer to as the "sun room". In our opinion, the evidence does not establish that petitioners exclusively used the sun room or any other part *192 of their apartment on a regular basis as the principal place of business for Sam Taylor Associates during 1988. Petitioners have the burden of proving that they are entitled to a deduction for expenses related to a home office. Based on the evidence in this case, petitioners have failed to carry their burden. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). B. Other Schedule C Deductions
Besides the home office expense deductions, petitioners claimed deductions on their Schedule C in the amount of $ 2,146 for bank service charges, automobile expenses, dues and publications fees, insurance and supplies expenses, travel and entertainment expenses, and telephone expenses. Section 262 provides that no deduction shall be allowed for personal, living, or family expenses. For most of these claimed deductions, we find that petitioners are either unable to prove that the amount paid was not a personal expenditure, or are unable to substantiate the amount of the expense. However, we do find that petitioners paid $ 56.50 for dues and publications fees related to Sam Taylor Associates, and, accordingly, we allow that amount as a Schedule C deduction. The *193 remaining $ 2,089.50 is disallowed in its entirety. III. Negligence
We now consider whether petitioners are liable for an addition to tax under section 6653(a)(1). Section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment if any part of any underpayment is due to negligence or disregard of rules or regulations. Negligence has been defined as a lack of due care or the failure to do what a reasonable and ordinarily prudent person would due under the circumstances. Crocker v. Commissioner, 92 T.C. 899, 916 (1989); Neely v. Commissioner, 85 T.C. 934, 947-948 (1985). Respondent's determination of negligence is presumed to be correct and petitioners have the burden of proving that the determination is erroneous. Rule 142(a); Luman v. Commissioner, 79 T.C. 846, 860-861 (1982). Petitioners have not attempted at all to carry their burden in this regard. No evidence has been presented to support their actions as being reasonable, prudent, or showing due care. Accordingly, petitioners are liable for the addition to tax for negligence. Allen v. Commissioner, T.C. Memo. 1982-93. *194 IV. Section 6673
Finally, we consider petitioners' liability for a penalty under section 6673. On July 8, 1991, respondent filed a post-trial Motion For Damages Pursuant to I.R.C. Section 6673, moving for a $ 1,000 penalty to the United States. Respondent contends that petitioners unreasonably failed to pursue administrative remedies, that petitioners' position in this proceeding was frivolous or groundless, and that petitioners maintained proceedings before this Court primarily for delay. If it appears to us that any of respondent's contentions are true, we may require petitioners to pay a penalty of up to $ 25,000 to the United States. Sec. 6673(a). We conclude that each of respondent's contentions is true, and hold that imposition of a penalty is appropriate in this case. Specifically, we find that the deduction taken for Mrs. Taylor's educational expenses (including travel to and from the college) is frivolous and groundless. In Taylor v. Commissioner, T.C. Memo. 1985-499, petitioners argued for identical types of educational expense deductions, on substantially identical facts, and lost. In that opinion, we clearly and concisely informed petitioners *195 of the requirements which must be satisfied in order for such a deduction to be allowed. The facts have not changed, this is a well settled area of law, and yet petitioners still claimed and argued for the deduction. We find this is a frivolous and groundless position. Bissell v. Commissioner,T.C. Memo. 1991-163. Further, petitioners presented only minimal substantiating documents during administrative proceedings, choosing instead to saddle this Court with scores of documents at trial, few of which adequately substantiated claimed expenses. In fact, despite all of the documents petitioners made available to respondent and this Court, less than 5 percent of the deductions claimed were allowed. Petitioners should have presented respondent with this documentation prior to trial, and provided themselves an opportunity to resolve this case administratively. We think petitioners acted unreasonably in failing to do so. Petitioners have been both educated and warned by this Court about the importance of being able to substantiate deductions and the consequences for repeatedly failing to do so. In Taylor v. Commissioner, supra, and Taylor v. Commissioner *196 , docket No. 15712-84, for example, we explained to petitioners that taxpayers must be able to prove that claimed expenses were actually paid, and that they were not precluded under section 262 as personal expenses. More recently, in Taylor v. Commissioner, docket Nos. 29886-86 and 29887-86, we warned petitioners that they must be prepared to present some facts to substantiate their claims, or face the imposition of a penalty. Petitioners have ignored our warning. Accordingly, we will grant respondent's motion and require petitioners to pay a penalty to the United States in the amount of $ 1,000. To reflect the foregoing, An appropriate order will be issued on respondent's motion for damages. Decision will be entered under Rule 155.