T.C. Summary Opinion 2004-171

UNITED STATES TAX COURT

HILARY HARRY SAX, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8363-03S.                    Filed December 20, 2004.

<u>Hilary Harry Sax</u>, pro se.

<u>Mindy S. Meigs</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the

Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's 1999 Federal income tax in the amount of $8,788 and a penalty under section 6662(a) in the amount of $1,755.60.

Petitioner conceded that he (1) received long-term capital gain income in the amount of $1,154 in 1999, (2) received $11,154 from Social Security, (3) received interest income in the amount of $155 in 1999, (4) is liable for an addition to tax for 1999 pursuant to section 6651(a)(1) and (5) is liable for a penalty under section 6662(a). After concessions by petitioner, this Court must decide whether petitioner is entitled to a deduction for expenses from Schedule C, Profit or Loss From Business, in the amount of $28,780.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Los Angeles, California, at the time he filed his petition.

Petitioner is 86 years old, is an attorney, and is currently an active member of the State Bar of California. Petitioner graduated from Harvard Law School in 1944. He has been engaged in the practice of law for 60 years.

In 1999, petitioner was a lawyer operating as a sole proprietor. On occasion, he used the Sax-Brook Structural Building Systems, Inc. (Sax Brook) name for his own purposes.

Petitioner requested an extension of time to file a Form 1040, U.S. Individual Income Tax Return (return), for 1999 which extension was approved to August 15, 2000. On January 16, 2001, petitioner untimely filed his return for 1999, attaching the relevant Schedule C. Petitioner prepared the return himself. He admitted it was a mistake to use the Sax-Brook name on his Schedule C because Sax-Brook was inactive in 1999 and remained inactive until the time of trial. Petitioner claimed his business activities in 1999 were those of a lawyer.

Section 7491 does not apply in this case because petitioner did not meet the substantiation requirements.

Petitioner received payments in the amount of $11,154 from the Social Security Administration in 1999. Petitioner failed to include any portion of these payments on his 1999 return.

Petitioner was the president of Sax-Brook from 1994 to date of trial. On September 9, 1994, petitioner and a business associate, Mr. Robert L. Timbrook, organized the Sax-Brook corporation.

Sax-Brook was created in order to manufacture and sell building panels that could be used in new home construction. Mr. Timbrook had invented a panel made of inexpensive materials to be used in the construction of houses. Because the inexpensive materials would replace lumber, including plywood, used in building a house, it was projected to be cost-effective.

Unfortunately, because the materials did not fit under the requirements of building codes, petitioner could not sell the idea to investors. The cost of getting building codes revised was prohibitive.

During 1999, petitioner wrote letters to individuals and entities in an attempt to cover the costs of obtaining building permits to build houses and to secure investors in order to begin manufacturing the building panels.

During 1999, Sax-Brook did not pay any employees or officers to perform services for the business. Petitioner was not reimbursed by Sax-Brook for any expenses incurred by him in connection with the corporation during 1999. Sax-Brook did not file a corporate income tax return with respect to 1999 with the Internal Revenue Service.

Respondent in the notice of deficiency, among other things, disallowed petitioner's Schedule C deductions in full. Respondent determined that petitioner did not establish that the Schedule C expenses were ordinary and necessary business expenses and that he did not substantiate the expenses.

Section 162(a) allows a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. To be deductible as a business expense, the expenditure must relate to activities which constitute the current carrying on of an existing trade or

business.  Corbett v. Commissioner, 55 T.C. 884, 887 (1971).
Whether activities carried on by an individual can be
characterized as a trade or business is a question of fact.  Id.
at 887.  Petitioner has the burden of proof.  Rule 142(a); Welch
v. Helvering, 290 U.S. 111 (1933).

Deductions are strictly a matter of legislative grace.
INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New
Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).
Taxpayers must substantiate claimed deductions.  Hradesky v.
Commissioner, 65 T.C. 87, 89 (1975), affd. per curium 540 F.2d
821 (5th Cir. 1976).  Moreover, taxpayers must keep sufficient
records to establish the amounts of the deductions.  Meneguzzo v.
Commissioner, 43 T.C. 824, 831 (1965); sec. 1.6001-1(a), Income
Tax Regs.  Generally, except as otherwise provided by section
274(d), when evidence shows that a taxpayer incurred a deductible
expense, but the exact amount cannot be determined, the Court may
approximate the amount, bearing heavily if it chooses against the
taxpayer whose inexactitude is of his own making.  Cohan v.
Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The Court,
however, must have some basis upon which an estimate can be made.
Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  There are
strict substantiation requirements under section 274(d) for items
such as travel expenses and meals.

Respondent stated that up to the date of trial, petitioner

provided no substantiation.  At trial, petitioner offered no substantiation for any of the deductions.  Petitioner did not have any books, records, receipts, or other documents to substantiate expenses claimed on his Schedule C.  Petitioner also candidly admitted that "We didn't build anything in 1999" and that we were "unable to raise the money to do business."

Petitioner acknowledged that he did not maintain a separate bank account to pay expenses.  He did not maintain a business office.  He operated out of his own apartment.  He had no business records, no books, no checks, and no receipts.  When asked about these, he replied "No I did not keep them."

We conclude that petitioner did not prove that the claimed deductions were his ordinary and necessary business expenses.  We further conclude that petitioner failed to substantiate any Schedule C expenses claimed as deductions in 1999.  For these reasons, the Schedule C expenses are disallowed in full.

Contentions we have not addressed are irrelevant, moot, or without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent.