JAMES M. OSBORN AND MARIE-LOUISE OSBORN, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1721.    Promulgated April 11, 1944.

*James W. Cooper, Esq.,* for the petitioner.
*James T. Haslam, Esq.,* for the respondent.

OPINION.

STERNHAGEN, *Judge*: The taxpayer, a research professor at Yale, claims the right to deduct expenses paid by him for services incident to the preparation and publication of scholarly and literary matter from which he did not, and did not expect to, derive a direct or immediate profit, but which he hoped and expected would be a means of demonstrating his ability and attainments to persons in the fields of learning and education and would thus bring him a lucrative position, perhaps as a college president. The statutory provision upon which the claimed deduction is based is section 23 (a) (1) (A), Internal Revenue Code,[1] which requires the allowance of deductions of expenses paid in carrying on a trade or business.

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

(a) EXPENSES.—

(1) TRADE OR BUSINESS EXPENSES.—

(A) In General.—All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actully rendered ; traveling expenses (including the entire amount expended for meals and lodging) while away from home in the pursuit of a trade or business ; and rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

The evidence, consisting entirely of the testimony of the taxpayer himself, shows that he was not engaged in the business of writing or preparing books primarily for profit. His work on the books was his principal occupation. As a member of the Yale faculty, he received no compensation. Apparently his entire interest was not in current gain or present livelihood from his efforts, but in laying a foundation for the future. His position was similar to that of any student preparing and training himself for a profession or lifework; he builds a foundation of learning upon which his future living and earnings are to be based. The expenses incurred in preparing himself are in essence the cost of the capital structure from which his future income is to be derived. They are not ordinary and necessary expenses of carrying on a trade or business. This is not to say that they do not deserve recognition and respect—that they are not "well and wisely spent"—*Welch* v. *Helvering*, 290 U. S. 111, but only that they can not be given deductibility for tax purposes in the absence of legislation, where alone deductibility can be provided.

The *Doggett* case (65 Fed. (2d) 191) is different. The taxpayer was engaged in selling the books which he was producing. No matter that his principal purpose in disseminating them was to spread their doctrine; his expenses and losses were directly connected with producing and disposing of the books, and this the court held was his business, even though it was not immediately profitable. Here the taxpayer is not incurring the expenses in the course of a business of selling the books, or of building up a business of selling the books for profit, but in the course of preparing books to demonstrate his scholastic attainments, which were to be the subject of his future exploitation. This expense is not an ordinary and necessary expense of carrying on a trade or business, and therefore it can not be deducted.

*Decision will be entered under Rule 50.*