FREDERICK A. PURDY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 18473, 19870. Promulgated May 31, 1949.

*Peter Forrest, Esq.*, for the petitioner.
*Stephen P. Cadden, Esq.*, for the respondent.

**OPINION.**

DISNEY, *Judge*: Was the petitioner, in the taxable years, engaged in a business, in making the expenditures in question here, that is, in connection with "Mass Consumption"?

We have studied the facts in this matter, and the cases cited by the parties, particularly *Doggett* v. *Burnet*, 65 Fed. (2d) 191, primarily relied upon by the petitioner, and *Chaloner* v. *Helvering*, 69 Fed. (2d) 571, and *James M. Osborn*, 3 T. C. 603, respondent's principal citations. These cases more nearly resemble the instant case than any others suggested or found. After such study, we have come to the conclusion that the petitioner was not, in the matter of "Mass Consumption" involving the expenditures here involved, engaged in trade or business within the purview of section 23 of the Internal Revenue Code. The question is one of fact, and we need not set forth in detail our analysis of the circumstances.

We have here a business man engaged in the management of at least two companies and interested in others, deriving an income of approximately $17,000 from only two, who also becomes interested in an economic theory and writes upon the subject, to his financial loss. Of course, it is well settled that he is not limited to one business, and that the mere fact of loss is not determinative; but, as said in *Cecil* v. *Commissioner*, 100 Fed. (2d) 896: "\* \* \* if the gross receipts from an enterprise are practically negligible in comparison with expenditures over a long period of time it may be a compelling inference that the taxpayer's real motives were those of personal pleasure as distinct from a business venture \* \* \*" The personal pleasure may well consist in the satisfaction found in expression in writing, or forwarding a theory of interest to the person involved, as here.

We find the situation here more analogous to that in *Chaloner* v. *Helvering*, *supra*, and *James M. Osborn*, *supra*, where the deductions were disallowed, than in the *Doggett* case, *supra*. A fair appraisal of all the circumstances is convincing that the petitioner was not in the taxable years expecting to make a profit, and that the closest approach thereto was a vague idea that sometime in the future there might be such, in a position with the "Mass Consumption" organization, much

as in the *Osborn* case, and that he was pursuing, not a business, but a hobby, as in the *Chaloner* case. We do not find so much similarity to the *Doggett* case. There, the sale of books was limited; here, practically no sales in the taxable years are shown. No income therefrom is reported. The petitioner in the *Doggett* case was devoting apparently her entire time to the pursuit of publishing and attempting to sell the books involved, with possibilities of large current profit. Here, the petitioner devoted his days, and at times also much of the night, to the real estate business (of only two of his companies), and not only does he appear to have little time left for "Mass Consumption," but no proof whatever appears as to the amount of time spent on it. As to intention, the evidence is vague. Though he testified that profit was to be from lectures and sale of pamphlets in the years under review here, in his returns from 1942 and 1943 he refers to the expenses claimed as those of getting the job of introducing mass consumption in the United States, while for 1944 his return made no claim for "Mass Consumption" expenses, the amount involved being claimed as a contribution to "Mass Consumption." "Mass Consumption" was, in our view of all these facts, a hobby or scientific study for the petitioner, not a business. He hoped that the publication of pamphlets and the book would help his reputation as student and scholar. He stated in writing that usefulness was his whole motive in mass consumption work. It would be altogether unrealistic, in our opinion, to view such work as trade or business for the petitioner. In his letter of December 19, 1946, he stated that the expenses in 1942 and 1943 may be considered contributions by him to "this scientific and educational work"; i. e., "Mass Consumption." His hope of fitting himself to earn a salary in the future with "Mass Consumption" bears analogy to the intentions of the petitioner in the *Osborn* case.

Without further discussion of the facts, we conclude and hold that the petitioner was not engaged in trade or business in the matter of "Mass Consumption" and that the Commissioner is not shown to have erred in denying the deduction of expense thereof, under section 23 (a) (1) (A) of the Internal Revenue Code. This renders it unnecessary to consider whether such expenditures were properly or fully shown by the evidence.

*Decision will be entered for the respondent.*