Carson RIDDLE and Harriett R. Riddle, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 7233.

United States District Court
D. Colorado.
May 29, 1962.

Sheldon & Nordmark, Richard C. Mc-Lean, Denver, Colo., for plaintiffs.

Lawrence M. Henry, U. S. Atty. for Dist. of Colo., Denver, Colo., and Mitchell Samuelson, Dept. of Justice, Washington, D. C., for United States.

DOYLE, District Judge.

This cause having been tried to the Court on May 28, 1962, and the Court having considered all of the evidence in the case and having heard the statements of counsel and now being advised in the premises, finds and concludes:

The action was filed pursuant to Title 28 U.S.C. § 1346 and seeks recovery of $371.20, which sum was assessed by the Director of Internal Revenue as a deficiency in connection with the tax return of plaintiff for the year 1958. He alleges in the complaint that this defi-

ciency resulted from the disallowance by the Director of Internal Revenue of certain items of gross income which the plaintiffs used in computing their net income. The amount of these expenses was $1,584.03. A further allegation is that these expenses were incurred by the plaintiff, Carson Riddle, in doing business as a consulting engineer, and that this deduction was erroneously disallowed and that the deficiency was, therefore, improperly imposed, and that plaintiff is entitled to recover the amount which was thus obtained.

The basic issue in the case is whether during the tax year 1958 the plaintiff, Carson Riddle, was engaged in a trade or business within the meaning of Section 162 of the Internal Revenue Code of 1954 (26 U.S.C., 1958 ed. § 162), or whether the expenses in question were personal living or family expenses within the meaning of Section 262 of the Internal Revenue Code of 1954 (26 U. S.C., 1958 ed. § 262).

During the year 1958 Carson Riddle was an employee of the United States Government on a full time basis as an engineer for the Department of the Air Force. He started to work for this agency in the year 1955, at which time he had in excess of twenty years of Government service and had previously been employed by the Navy Department. He testified that he accepted the job with the Air Force even though it meant a pay loss, because he was anxious to return to Colorado since this was his home and some members of his family resided here; furthermore, he was looking forward to retirement and he wished to reside in Colorado after his retirement.

During the taxable year 1956 he was approached by an engineering firm which was engaged in performing work for the Martin Company and he was employed to do some consultant work at the rate of One Hundred Dollars per day. During this year he earned a gross of some $2500.00 and had expenses in the approximate amount of $1250.00, and thus realized a net profit of $1276.00. He performed similar work for this contractor in the year 1957 and earned approximately the same amount, that is, $2500.00, but had expenses of roughly $1900.00. During both of these years Mr. Riddle had set aside one room in his home as an office. Although he had no employees during any of these three years, he did maintain a professional library and certain professional equipment in the office within his home; furthermore, he had an extension telephone in his office. From the evidence it would appear that Riddle made an effort to establish himself as a consulting engineer; however, the sphere of his activities was necessarily limited by the fact that he was in full time employment with the United States Government (forty hours per week) and by the further fact that he was unable to accept work from firms which had Government contracts. He was also restricted by the fact that he offered himself for specialty work only. Nevertheless, he made considerable effort to contact firms which could possibly use his services and he did this by personal contact and also by listing as a consulting engineer in the American Society of Civil Engineers Directory, the State Board of Registration for Professional Engineers, and the Engineers Bulletin—Roster of Members, Colorado Society of Engineers. He also had stationery and name cards. Notwithstanding the fact that he traveled quite extensively to various parts of the State of Colorado and to other places in an effort to make contacts, and despite his other attempts to become known as a consulting engineer, he obtained no business whatsoever other than the engagement which has been referred to and which was carried out during the tax years 1956 and 1957.

The manner of deducting expenses involved the charge of actual travel expenditure and the taking of twelve per cent. of home utilities and maintenance, yard maintenance and home insurance. He did not seek to deduct a percentage of the amortized value of his home. He also took a deduction for business entertainment and testified that this

amounted to entertaining prospective clients in his home and in taking them on mountain excursions.

The position of the Government is that Mr. Riddle was not conducting a trade or business during the year in question and that none of these expenses are deductible.

█ The fundamental issues are set forth in 4 Mertens Law of Federal Income Taxation, Chapter 25, page 18, as follows:

"§ 25.07 Fundamental Requirements. There are three conditions precedent which must be satisfied before a deduction will be allowed for a claimed business expense. The expense must be (1) incurred in carrying on a 'trade or business,' (2) 'ordinary and necessary' and (3) 'paid or incurred within the taxable year.' These conditions precedent will be analyzed in the succeeding sections."

We are concerned only with item No. 1 above, which is whether a trade or business was being conducted in 1958. It must be noted at the outset that the fact that Riddle was employed full time by the United States Government does not preclude his also having been engaged in a trade or business within the meaning of the statute.

The author suggests certain criteria for deciding whether a taxpayer is engaged in a trade or business. 4 Mertens, supra, Chapter 25, pages 21, 22 and 23:

"In order that the taxpayer's activities may constitute the carrying on of a 'trade or business,' he need not have a reasonable expectation of a profit. He must, however, initiate or conduct the enterprise in good faith with an intention of making a profit or of producing income. Thus, the profit factor is really only significant insofar as it affords a means of distinguishing between an enterprise carried on in good faith as a 'trade or business' and an enterprise merely carried on as a hobby. A corporation is normally deemed to be engaged in a 'trade or business'; if, however, it is operated solely for the pleasure or recreation of its stockholders, it is not engaged in a 'trade or business.'

"The term 'trade or business' is not limited to the carrying on of ordinary industrial or commercial activities. The term includes the professions, the arts, athletic activities, wagering, and the holding of public office. It has been held that 'trade or business' does not include preparation either for engaging anew in or for resuming of a trade or business, but the expenses of continuing or expanding an existing business are deductible."

Thus, although the definitions, tests and criteria are vague, it would appear that the taxpayer must have initiated or conducted the enterprise in good faith and with an intention of making a profit or producing income as distinguished from an activity which is carried on as a hobby or an activity which is mere preparation for engaging anew in or for resuming a trade or business. Cf. Owen, Petitioner v. Commissioner of Internal Revenue, 23 T.C. 377. In the Owen case, the petitioner was a government lawyer who was required to live in Washington, D. C., where he performed all of his work. It was held that the cost and expenses of his law office in North Dakota were not deductible. They were not attributable to a trade or business carried on by petitioner during the taxable year in question. The Tax Court noted:

" * * * We believe that this is what petitioner had in mind when he testified, 'I wanted to keep my contacts.' The petitioner was, thus, attempting to maintain an asset from which his future income would be derived. He was not so much interested in current gain from his office as he was in maintaining it as a foundation for the future. These activities do not constitute carrying on a trade or business. See James M. Osborn, 3 T.C. 603; Frederick A. Purdy, 12 T.C. 888."

The case at bar is not as simple as the Owen case. There the petitioner was admittedly maintaining goodwill looking to the future; in the present case, petitioner was on the ground and was active; there was actual income during the years 1956 and 1957 and at least a hope, if not an expectation, of actual income in the year 1958 and subsequently.

The Government places strong reliance on the fact that petitioner's estimate was low. At the beginning of the tax year 1958 it was in the amount of $50.00. This, however, is inconclusive since it is not necessary that he should have had a reasonable expectation of a profit so long as he conducted the enterprise in good faith and with an intention of making a profit or of producing income. The plaintiff, Mr. Riddle, has testified positively and consistently that he established the office and took the other steps with the idea of making a profit and there seems little question but that this was his motive. Whether he was primarily or predominantly concerned with making a profit during the immediate tax year or making a profit at some time in the future, is the ultimate issue. It would seem that he was motivated by both a desire to reestablish himself after his retirement and also a desire to make extra money prior to his retirement. Since these are not inconsistent, it is determined that he was motivated by both a desire to make a profit and to establish a going concern and from this premise the legal conclusion follows that he was engaged in trade or business.

The Court is of the opinion that the motive to make a profit was probably stronger than the intention to establish goodwill for the future. For one thing, there was a remote aspect about the future. Mr. Riddle was not certain as to exactly when the project on which he was working, that is, the Air Force Academy, and other Air Force construction in Colorado Springs, would terminate. He intended to retire when this occurred. However, looking forward from 1958, it was impossible to ascertain whether this would be in two years or ten years and consequently it is logical to find and conclude that the expectation of retirement was less important than the intention to make a profit.

Therefore, it is concluded that the deficiency assessment was improper and that the deductions which were taken in the year 1958 by the plaintiff were proper and allowable. There is one exception to this which was stipulated by counsel, and that is the deduction of the water heater which was installed in plaintiff's home and which was charged as a repair. The amount deducted should be excluded from consideration in the preparation of the judgment.

Counsel for plaintiff is directed to prepare brief, formal findings, conclusions, and a formal judgment in conformity with these expressions.