LONNIE HAWKINS, JR. AND FANNIE B. HAWKINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hawkins v. Commissioner
Docket No. 7729-77.
United States Tax Court
T.C. Memo 1979-101; 1979 Tax Ct. Memo LEXIS 424; 38 T.C.M. (CCH) 469; T.C.M. (RIA) 79101; March 21, 1979, Filed *424 Petitioners incurred expenses in connection with the writing and publication of a book of poetry. Held, since petitioners failed to prove that petitioner-wife was engaged in the trade or business of being a poet or author, the expenses are not deductible as ordinary and necessary expenses of carrying on a trade or business. Sec. 162(a), I.R.C. 1954. Heldfurther, since petitioners failed to prove that the expenses related to a profit-seeking purpose, the expenses are not deductible as ordinary and necessary expenses paid or incurred for the production of income. Sec. 212(1), I.R.C. 1954. Lonnie Hawkins, Jr., and Fannie B. Hawkins, pro se. Jerrome N. Duncan, II, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined a deficiency of $692 in petitioners' Federal income tax for 1975. After concessions by respondent, the single issue remaining is whether expenses of $3,096 incurred by petitioners in 1975 in connection with the writing and publication of a book of poetry are deductible under section 162(a)[1] *425 or section 212. FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. When the petition in this case was filed, petitioners, Lonnie Hawkins, Jr., and Fannie B. Hawkins (hereinafter sometimes referred to as "Fannie"), husband and wife, were legal residents of Los Angeles, California. During 1975, Fannie, who was employed as a legal secretary, wrote a book of poetry entitled … Within the Heart of a Woman. In 1975, Fannie entered into an agreement for the publication of her book with Vantage Press, Inc. (hereinafter referred to as "Vantage"). The agreement provided that-- (1) Fannie was to pay Vantage $3,000 to publish the book ($1,000 to be paid with the signing of the agreement; $1,000 to be paid upon receipt of the galley proofs; and $1,000 to be paid when the book was ready for delivery); (2) the retail price of the book was to be $4.95 per copy, with $1.98 per copy going to Fannie as author, for the first 4,000 copies sold; [2]
(3) Vantage was to do a certain amount [3] of publicity and promotion but generally was to have the right to determine the extent, scope, and character *426 of sales promotion, distribution, advertising, and publicity; and (4) both Fannie and Vantage were to have the right to terminate the contract after two years and, upon termination, all rights in the book were to revert to Fannie. Fannie's book was published by Vantage in 1976. The book is 56 pages long and includes 43 poems. Sales of the book began around July or August of 1976. Approximately 350-400 copies of the book were sold during 1976. Before 1975, Fannie was not in the business of writing. Before 1976, she did not receive any earnings from the sale of any books, short stories, poems or other literary efforts. … Within the *427 Heart of a Woman was Fannie's first published literary work. She never had any of her works published in literary magazines. However, on rare occasions her writings appeared in community-type magazines.Fannie did not generally publish poems in magazines as she wished to control the exposure of her works. On their 1975 return, petitioners deducted $3,096 as book publishing expenses. The expenses included amounts for legal services, home office expense, and some of the installment payments to Vantage. OPINION Petitioners contend the expenses totaling $3,096 were incurred as "a business expense for the purpose of making a profit." We interpret petitioners' position as being that the expenses were ordinary and necessary expenses (1) of Fannie's trade or business of author or poet or (2) for the production of income from Fannie's writings. Respondent does not contest the amount of the expenses, [4] but rather contests their deductibility. Respondent maintains Fannie was not engaged in the trade or business of being a poet or author and accordingly expenses incurred for the writing and publication of her book are not business expenses deductible under section 162(a). Further, respondent *428 states that "the presence of personal pleasure and recreation in [Fannie's] activity [indicates] that the activity herein was not * * * engaged in for profit within the meaning of section 212." Respondent asserts the writing activities of Fannie constitute an activity not engaged in for profit and that, therefore, petitioners' expenses are deductible only to the extent that they derive income therefrom under section 183. Respondent alternatively argues that even if the activities were to constitute a trade or business, the claimed expenditures would be capital in nature and not deductible. We agree with respondent's conclusion. Statutory framework
Sections 162(a)[5] and 212(1)[7] allow deductions for expenses of a trade or business and for production or collection of income. Section 262 [7] prohibits deductions for personal expenses. Section 183, [8] *430 in general, prohibits deductions attributable to an "activity not engaged in for profit", a term defined with respect *429 to sections 162 and 212. Since petitioners received no income in 1975 from Fannie's activity as author or poet, and since they do not claim that the deduction is allowable without regard to the profit context, [9] petitioners must show that the deduction is allowable under section 162(a) or section 212(1). Section 162(a)
The carrying on of a trade or business, within the meaning of section 162(a), involves "holding *431 one's self out to others as engaged in the selling of goods or services". Snow v. Commissioner,416 U.S. 500, 502-503 (1974) (distinguishing the narrower concept of trade or business under section 162 from the broader concept under section 174). The determination of whether the activities of a taxpayer constitute the carrying on of a trade or business requires an examination of the facts in each case. Higgins v. Commissioner,312 U.S. 212, 217 (1941); Barnett v. Commissioner,69 T.C. 609, 613 (1978). Included among the factors are continuity and regularity of petitioner's activities and the presence of a profit motive. Gentile v. Commissioner,65 T.C. 1, 4 (1975). The intent or motive of making a profit by the taxpayer has a material bearing on the issue, Bessenyey v. Commissioner,45 T.C. 261, 274 (1965), affd. 379 F.2d 252 (CA2 1967), cert. denied 389 U.S. 931 (1967). The taxpayer's expectation of profit need not be reasonable but it must be a good faith expectation. Hirsch v. Commissioner,315 F.2d 731, 736 (CA9 1963), affg. a Memorandum Opinion of this Court. [10] Greater weight must be given to objective facts of intent than mere expression of intent, however. Johnson v. Commissioner,59 T.C. 791, 815 (1973), *432 affd. on another issue 495 F.2d 1079 (CA6 1974). A person may be engaged in more than one trade or business, and writing need not be the sole activity of the taxpayer to qualify as a trade or business. Wright v. Commissioner,31 T.C. 1264, 1267 (1959), affd. per curiam 274 F.2d 883 (CA6 1960). A business will not be turned into a hobby merely because the owner finds it pleasurable; suffering is not a prerequisite to deductibility. Jackson v. Commissioner,59 T.C. 312, 317 (1972). Petitioners bear the burden of proving that Fannie was carrying on a trade or business. Rule 142(a), Tax Court Rules of Practice and Procedure.
Some factors in the record suggest that Fannie was engaged in a trade or business. She has written a book of poetry; the book was professionally published in 1976; approximately 350-400 copies were sold that year. Fannie consulted with an attorney and did some investigation regarding the publication process. Fannie spent money in 1975 in connection with the writing and publishing of the book. On the other hand, petitioners have failed to present convincing proof of many of the other relevant factors. First, there is no objective evidence *433 that Fannie entered into this venture with the expectation of a profit. The only evidence in the record concerning intent is testimony by Fannie that she intended to make a profit and a vague reference by her that others were interested in her work. Further, petitioners have failed to present any evidence of continuous or repeated activity in the literary field. Fannie admits that before 1975 she was not in the trade or business of being an author. … Within the Heart of a Woman was her first published literary work. The only evidence of previous literary activities is that some of Fannie's works appeared in community-type magazines "very, very rarely". [11] We do not mean to say that an initial publication can never be considered a part of a trade or business. However, in the instant case we are given no reason to believe Fannie was engaged in the writing field for the purpose of producing income and a livelihood. We have no reason to believe Fannie intended to continue in the writing field. There is no evidence in the record concerning possible plans for future publications. [12] In short, petitioners have failed to produce evidence to show some intent or effort on Fannie's *434 part to engage in and continue in the writing field with substantial regularity and with the purpose of producing income and a livelihood. … Within the Heart of a Woman could just as easily be an isolated venture for the personal satisfaction of petitioners seeing Fannie's poetry in print as it could be a product of a trade or business. See Industrial Research Products, Inc. v. Commissioner,40 T.C. 578, 588-590 (1963). Petitioners also failed to present meaningful evidence as to the amount of time Fannie devoted to her literary activities. Fannie merely testified she "worked daily." During 1975 Fannie had a job as a legal secretary. Although writing need not be the sole activity of a taxpayer to qualify as a trade or business, the fact that *435 Fannie devoted time to another job must be considered. Purdy v. Commissioner,12 T.C. 888, 893 (1949). Another factor to consider in determining whether Fannie was engaged in the trade or business of writing is the amount of profit or loss generated. (Of course, the mere fact that an activity is conducted at a loss does not by itself preclude it from being considered a business. Jasionwski v. Commissioner,66 T.C. 312, 319 (1976).) Fannie testified that she thought approximately 350 to 400 books were sold during the last three months of 1976. She refused to estimate how much she received from those sales. Petitioners presented no evidence as to sales, income, or literary activities after 1976. We cannot tell from the record whether some of the 350 to 400 books estimate represented books for which no revenue was received. We note that Fannie would have to have expected to sell more than 1,500 copies of her book merely to recover her contractually obligated payments to Vantage. Petitioners have failed to bear their burden of proving that Fannie's writing or publishing activities qualified as a trade or business within the meaning of section 162(a). Consequently, the expenses *436 incurred in connection with the writing and publication of the book are not deductible as ordinary and necessary expenses of a trade or business. Section 212(1)
Even though Fannie is not in the trade or business of writing, the book publishing expenses may be deductible under section 212(1) if they are ordinary and necessary expenses incurred for the production of income. The section 212(1) test of deductibility is similar to section 162 with the exception that the expense need not be incurred in a trade or business. To be deductible under section 212(1) petitioners must prove the expenses relate to a profit-seeking purpose, and thus are "business" expenses rather than "personal" expenses. United States v. Gilmore,372 U.S. 39, 45-46 (1963). Considering many of the same factors as we did under section 162 we conclude that petitioners failed to present objective facts to indicate that Fannie wrote and published the book of poetry with the objective of making a profit rather than for personal reasons. We do not know how much time and effort Fannie expended. There is no evidence of Fannie's success in carrying on other similar activities. There is no prior history of profits or *437 losses which might have given Fannie an expectation of profits. In short, petitioners do not present any evidence that would allow us to distinguish Fannie from someone who writes for a hobby and pays to have the book published for reasons of personal satisfaction. Petitioners have failed to bear their burden of proving that Fannie's writing or publishing activities were engaged in for the production of income within the meaning of section 212(1). Consequently, the expenses incurred in connection with the writing and publication of the book are not deductible as ordinary and necessary expenses for the production of income. Since we have found that the expenses at issue are not deductible under section 162(a) or 212(1), and there is no contention that they are deductible under section 183, it is not necessary for us to consider respondent's alternative argument that the expenses must be capitalized. To reflect respondent's concessions and the conclusion reached herein, Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable year in issue.
2. Other terms in the agreement affect the amount of compensation to Fannie in the case of (a) books sold at a discount, (b) promotional copies, and (c) sales in excess of 4,000. ↩
3. The parties have presented no evidence as to the extent of the promotional work required of Vantage. The 1975 agreement provides that the promotion, publicity, and advertising recommendations as set forth in the "Author's Promotion and Production Report" was to be performed by Vantage. However, neither a copy of this report nor any testimony concerning it is in the record.↩
4. In the notice of deficiency, respondent determined that $747.24 of the claimed $3,096 expenses "have not been verified." However, at trial respondent conceded orally that all the claimed expenses have been substantiated.↩
5. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * * ↩
7. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
7. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year-- (1) for the production or collection of income; * * * ↩
8. SEC. 183. ACTIVITIES NOT ENGAGED IN FOR PROFIT. (a) General Rule.--In the case of an activity engaged in by an individual or an electing small business corporation (as defined in section 1371(b)), if such activity is not engaged in for profit, no deduction attributable to such activity shall be allowed under this chapter except as provided in this section. * * *
(c) Activity Not Engaged in for Profit Defined.-- For purposes of this section, the term "activity not engaged in for profit" means any activity other than one with respect to which deductions are allowable for the taxable year under section 162 or under paragraph (1) or (2) of section 212↩.
9. SEC. 183. ACTIVITIES NOT ENGAGED IN FOR PROFIT. * * *
(b) Deductions Allowable.--In the case of an activity not engaged in for profit to which subsection (a) applies, there shall be allowed-- (1) the deductions which would be allowable under this chapter for the taxable year without regard to whether or not such activity is engaged in for profit, and (2) a deduction equal to the amount of the deductions which would be allowable under this chapter for the taxable year only if such activity were engaged in for profit, but only to the extent that the gross income derived from such activity for the taxable year exceeds the deductions allowable by reason of paragraph (1).↩
10. T.C. Memo. 1961-256↩.
11. Petitioners, in their brief, for the first time present for our consideration information regarding an essay contest won by Fannie in 1975. This information is not in the record. Mere statements on brief do not constitute evidence. Rule 143(b), Tax Court Rules of Practice and Procedure.↩
12. Petitioners state in their reply brief for the first time that Fannie intends to continue her writing and in fact has done so. But see note 11, supra.↩