WILFRED P. NEEL AND BARBARA J. NEEL, Petitioners v. COMMISSIONER OF INTERANAL REVENUE, Respondent
Neel v. Commissioner
Docket No. 1162-80.
United States Tax Court
T.C. Memo 1985-108; 1985 Tax Ct. Memo LEXIS 523; 49 T.C.M. (CCH) 939; T.C.M. (RIA) 85108; March 12, 1985. Wilfred P. Neel, pro se. LeRoy D. Boyer, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION WILES, *524 Judge: Respondent determined the following deficiency in, and additions to, petitioners' 1977 Federal income tax: Deficiency
Sec. 6653(a) [1]
Sec. 6654(a)
Sec. 6651(a)(1)
$17,910.68
$895.53
$636.61
$4,477.67
After concessions, including petitioners' concession of liability for the additions to tax, the sole issue for decision is whether petitioners' motor home activity during 1977 was an activity not engaged in for profit within the meaning of section 183. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners Wilfred P. Neel and Barbara J. Neel, husband and wife, resided in Bethany, Oklahoma, when they filed their petition in this case. For their 1977 taxable year petitioners filed a Form 1940, U.S. Individual Income Tax Return, on which they objected to virtually all of the information requested on First and Fifth Amendment grounds. During the year in issue, petitioners were engaged in a vending machine business and petitioner Barbara J. Neel had a bookkeeping business. *525 The parties have stipulated that during 1977, petitioners received the following amounts of income and loss: Salary and wages
$6,306.38 Interest
174.17 Bookkeeping net profit
2,975.86 Farm land rental
(231.00)
Vending business net profit
11,064.27 Total income
[2] $20,281.68 In 1976 petitioners purchased a motor home. At that time petitioners were not engaged in any trade or business in connection with the motor home, but they desired to start a business selling merchandise from a booth at motor home conventions. Petitioners' vending machine business was on the decline and they sought a way to travel and earn enough money while traveling to cover their expenses. Petitioners hoped their motor home activity eventually would earn enough so that they could make a living. Petitioners had no education [3] or experience in the type of activity at issue in this case. Petitioners made no analysis or survey prior to engaging in the motor home activity. In fact, petitioners had no idea in 1977 how much earnings would have to be generated from the motor home activity *526 to meet even their basic expenses; nor did petitioners know any individuals who were engaged in the same type of motor home activity from whom they could receive advice. Petitioners took two motor more trips in 1977. They went to Las Vegas, Nevada, in March 1977, and to Syracuse, New York, for four days in July 1977. In Las Vegas and Syracuse they attended conventions of the Family Motor Coach Association (hereinafter FMCA). During these conventions petitioners set up a booth from which they sold a variety of articles, including costume jewelry, motor home accessories, personalized FMCA cards, sunglasses, and peanuts. Numerous other conventions and rallies of the FMCA were held weekly during 1977, but petitioners did not attend them. Petitioners kept few records of income and expenses from their motor home activity. Petitioners' only evidence of sales during 1977 is a document entitled "Receipts," indicating gross receipts of $917.72 at the Las Vegas convention and $1,139.85 at the Syracuse convention. Petitioners' expenses *527 exceeded the total gross receipts from both trips by $4,007.95. No records of the total time spent on the motor home activity during 1977 were maintained. OPINION The issue is whether petitioners' mobile home activity was an "activity * * * not engaged in for profit" under section 183. Section 183(c) defines an activity not engaged in for profit as "any activity other than one with respect to which deductions are allowable * * * under section 162 or under * * * section 212." When an activity is not engaged in for profit, section 183(b) allows deductions to the extent of gross income from the activity. If the activity is engaged in for profit, all of the claimed expenses are fully deductible under section 162 or 212. See Benz v. Commissioner,63 T.C. 375, 383 (1974). In order to qualify the mobile home activity as a trade or business under section 162, petitioners must have entered into the activity with the primary objective of making a profit. Lemmen v. Commissioner,77 T.C. 1326, 1340 (1981); Golanty v. Commissioner,72 T.C. 411, 425 (1979), affd. without published opinion 647 F. 2d 170 (9th Cir. 1981). The *528 test is not whether petitioners' expectation of profit was reasonable, but whether their objective for profit was bona fide. Dreicer v. Commissioner, 78 T.C.. 642, 645 (1982), affd. without opinion 702 F. 2d 1205 (D.C. Cir. 1983); Golanty v. Commissioner,supra at 425-426. Petitioners have the burden of proving the requisite profit motive. Rule 142(a), Tax Court Rules of Practice and Procedure.
Section 1.183-2(b), Income Tax Regs., provides a list of relevant factors to be considered in determining whether an activity is engaged in for profit. These factors include: (1) the manner in which the taxpayer carried on the activity; (2) the expertise of the taxpayer or his advisors; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on other similar or dissimilar activities; (6) the taxpayer's history of income or losses with respect to the activity; (7) the amount of occasional profit, if any, which is earned; (8) the financial status of the taxpayer; and (9) whether elements of personal *529 pleasure or recreation are involved. The regulations further provide that the determination of whether an activity is engaged in for profit is to be made by reference to objective standards, taking into account all of the facts and circumstances of each case. Sec. 1.183-2(a), Income Tax Regs. See Dreicer v. Commissioner,supra at 645. Applying the above authorities to the entire record in this case, we find that petitioners have not shown that they were emgaged in the mobile home activity for profit. Petitioners had no previous experience in this activity and did not analyze the activity or procure any expert advice. They kept few records and generally did not carry on the activity in a business-like manner. Petitioners did not even know how much time they spent on the motor home activity in 1977. Moreover, for 1977 petitioner had a net loss of $4,007.95. Petitioners stated at trial that they intended to carry on a trade or business and eventually earn their living from the motor home activity. However, greater weight must be given to objective facts than to a taxpayer's mere statement of intent. Sec. 1.183-2(a), Income Tax Regs.; Dreicer v. Commissioner,supra at 645. *530 After carefully reviewing the facts, we hold for respondent. [4]
To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year in issue.↩
2. The parties have stipulated to this figure. The correct figure is $20,289.68.↩
3. Petitioner Wilfred P. Neel's education qualified him as a school teacher. Barbara J. Neel's educational background was not reflected in the record.↩
4. Petitioners cite a number of cases in support of their position that the activity was engaged in for profit including: Louismet v. Commissioner,T.C. Memo. 1982-294; Pennington v. Commissioner,T.C. Memo. 1967-111; Eggert v. Commissioner,T.C. Memo. 1957-221; Riddle v. United States,205 F. Supp. 357 (D. Colo. 1962). We find these cases to be readily distinguishable. Whether an activity is engaged in for profit is a factual issue. Golanty v. Commissioner,72 T.C. 411, 426 (1979), affd. without published opinion 647 F. 2d 170↩ (9th Cir. 1981). Therefore, we do not think that a discussion of these inapposite cases would be helpful in resolving the issue before us.