FOYCE S. WHITNEY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Whitney v. Commissioner
Docket No. 35674-87[1]
United States Tax Court
T.C. Memo 1990-163; 1990 Tax Ct. Memo LEXIS 145; 59 T.C.M. (CCH) 258; T.C.M. (RIA) 90163; March 27, 1990
Foyce S. Whitney, pro se. Christa Gruber, for the respondent. BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code *147 and Rules 180, 181, and 182. [2] Respondent determined a deficiency in petitioner's 1984 Federal income tax of $ 3,559 and additions to tax under section 6653(a)(1) of $ 276.15, section 6653(a)(2) of 50 percent of the interest due on $ 3,559, and section 6651(a)(1) of $ 161.33. After concessions, [3] the issues for decision are (1) whether petitioner is entitled to deduct Schedule C expenses in excess of that allowed by respondent; (2) whether petitioner is entitled to deduct claimed charitable contributions in excess of that allowed by respondent; (3) whether petitioner is entitled to deduct work clothing expenses in excess of that allowed by respondent; (4) whether petitioner is liable for additions to tax for negligence under section 6653(a)(1) and (a)(2); and (5) whether petitioner is entitled to a claimed overpayment of $ 2,918. *148 Some of the facts are stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioner resided at Chicago, Illinois, when he filed his petition herein. For purposes of clarity, we deal with the facts and law relevant to each issue separately. Schedule C Expenses. During 1984 petitioner worked for Chicago Transit Authority as a bus driver. Through the end of 1983 petitioner sold Watkins Products on a part-time basis. He purchased the products wholesale and then sold them to customers. He traveled to his customers, using his car. In connection with this activity, petitioner used three rooms of his five room apartment but did not use them exclusively for business. Although petitioner did not carry on a trade or business of selling Watkins Products at any time during 1984, he claimed Schedule C business expenses of $ 10,200 of which respondent disallowed $ 9,700. At trial, petitioner stated that he was not in the trade or business of selling Watkins Products during 1984. However, petitioner contended that during 1984 he had a part-time business selling scrap metal. Respondent, on the other hand, contends that *149 petitioner was not carrying on a part-time scrap metal business during 1984, therefore petitioner is not entitled to his claimed deductions. Petitioner rented a garage in 1984 for $ 600. Petitioner worked on his two cars, a 1967 Ford and a 1978 Pinto, at the garage. He sold as scrap his old car parts such as fenders, starters and batteries. The only evidence in the record shows gross receipts from his alleged scrap metal business of $ 3.25. As substantiation of expenses incurred in connection with his alleged scrap metal business, petitioner offered receipts for expenses such as gas, car and trailer rentals, automobile part supplies, tire repair, the purchase of his 1967 Ford, and vacuum cleaner. Section 262 provides that except for express allowance, no deductions shall be allowed for personal, living or family expenses. Section 162(a) allows a deduction for all the ordinary and necessary expenses paid during the taxable year in carrying on any trade or business. Whether activities carried on by an individual can be characterized as those of a trade or business under section 162(a) is a question of fact. Ford v. Commissioner, 56 T.C. 1300, 1307 (1971), affd. *150 487 F.2d 1025 (9th Cir. 1973); Corbett v. Commissioner, 55 T.C. 884, 887 (1971). To constitute a trade or business, the activity must be pursued by the taxpayer in good faith, with regularity, and for the production of income for his livelihood. Commissioner v. Groetzinger, 480 U.S. 23 (1987). In order for an expenditure to be deductible as a business expense, such expenditure must relate to activities which amount to the present carrying on of an existing business. Estate of Rockefeller v. Commissioner, 83 T.C. 368, 374 (1984), affd. 762 F.2d 264 (2d Cir. 1985). Petitioner bears the burden of proof. Rule 142(a). Petitioner has failed to meet his burden of proof. Petitioner did not establish that he was in the trade or business of selling scrap metal part-time. Petitioner worked on his cars and sold the old parts as scrap. There is no evidence that petitioner regularly carried on this activity for the production of income for his livelihood. Petitioner had gross receipts from this activity of $ 3.25. Consequently, we find that petitioner was not carrying on an existing trade or business during 1984. *151 Therefore, petitioner is not entitled to deduct expenses allegedly incurred in connection with his activities. The cost of these activities, such as a rental garage, were for petitioner's automobiles, one of which he admitted using for commuting purposes to his place of business at the CTA garage. These all represent personal expenditures and are not deductible. Sec. 262. We uphold respondent's disallowance in this respect. At trial petitioner placed in evidence a receipt in the amount of $ 50 for the 1984 costs of filing a petition for another year in this Court. Petitioner is entitled to deduct the $ 50 on his Schedule A (if he itemizes) under 212(3). Petitioner also had a receipt in the amount of $ 70 for the cost of filing a complaint in the United States District Court for the Northern District of Illinois against the Secretary of Treasury for illegal levy on his property. This filing fee is not deductible because it is in the nature of a capital expenditure. Sec. 263(a)(2). Charitable Contributions. On petitioner's 1984 return, he claimed charitable contributions totaling $ 600, or $ 500 to Operation PUSH and $ 100 to general charities. Respondent disallowed $ *152 470 of this amount on the basis that the contributions were not made to a qualified organization. Petitioner contends that he made charitable contributions to a qualified organization. At trial petitioner placed in evidence a receipt showing contributions of $ 165 to Operation PUSH during 1984. Petitioner also had a receipt of $ 222.22 for an Operation PUSH convention which he attended during June of 1984 in Washington, D.C.
IRS Publication No. 78 lists qualified exempt donees. Taxpayers are entitled to rely on Publication No. 78. Schroeder v. Commissioner, T.C. Memo. 1989-110. For 1984 IRS Publication No. 78 listed Push for Excellence and Push Foundation but not Operation Push. The Encyclopedia of Associations, entry 10523 (21st ed. 1987), describes Operation Push as a national and international human rights organization and movement directed toward educational and economic equity and parity for all, particularly black, Hispanic, and poor people. Founded by Reverend Jesse L. Jackson, PUSH stands for People United to Serve Humanity. Operation PUSH sponsors the Push for Excellence Program to aid the nation's public schools and restore academic excellence and *153 discipline. There is no evidence in the record that petitioner's contributions to Operation PUSH were targeted for the Push for Excellence Program. Operation PUSH also sponsors an annual convention. Section 170(a) allows a deduction for any charitable contribution defined in subsection (c) which is made within the taxable year. Section 170(c) defines a charitable contribution as a gift to a corporation, trust, community chest, fund or foundation under the jurisdiction of the United States, organized and operated exclusively for educational purposes (and other purposes not herein relevant), without private inurement, and not disqualified for tax exemption. We find that petitioner is not entitled to deduct charitable contributions of $ 165 to Operation PUSH for the taxable year 1984 since there is no evidence that the contributions went to a qualified exempt donee. Further, petitioner is not entitled to deduct the costs of the annual convention for 1984. Sec. 170(k); Saltzman v. Commissioner, 54 T.C. 722 (1970). Work Clothing Expenses. On his 1984 return petitioner deducted expenses for cleaning and repairing work clothes in the amount of $ 600 and for purchase *154 of work clothes in the amount of $ 900. Of this total amount respondent disallowed $ 1,157 on the basis that petitioner did not prove (1) that he paid $ 1,157 during 1984 for work clothes, (2) that the clothes were ordinary and necessary for his business, and (3) that the clothes were not adaptable to general use. It is well settled that clothing which is suitable for general or personal wear does not qualify as a business expense under section 162. Sec. 262; Kennedy v. Commissioner, 451 F.2d 1023 (3d Cir. 1971); Mortrud v. Commissioner, 44 T.C. 208 (1965); Yeomans v. Commissioner, 30 T.C. 757 (1958). Petitioner bears the burden of proof. Rule 142(a). At trial petitioner did not offer any testimony or other evidence whatsoever concerning his entitlement to work clothing expenses in excess of that allowed by respondent. Petitioner has failed to meet his burden of proof. Consequently, we uphold respondent in this respect. Additions to Tax. Section 6653(a)(1) imposes a 5 percent addition to tax on any underpayment of tax due to negligence or intentional disregard of rules and regulations. Additionally, section 6653(a)(2) *155 provides for an addition to tax in an amount equal to 50 percent of the interest due on that portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. Negligence is defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). We find that petitioner was negligent as to the full amount of the deficiency. Consequently, we find that petitioner is liable for additions to tax under section 6653(a)(1) and (a)(2). Due to disposition of the issues in this case, petitioner's contention that he had an overpayment of his taxes during 1984 will be handled by the Rule 155 computation. Decision will be entered under Rule 155. Footnotes
1. We granted petitioner's uncontested oral motion to change status of this case from a small tax case filed under sec. 7463 to a regular case. Further, we orally denied petitioner's Motion to Enter an Amended Tax Return for 1984 in this Court. We did, however, admit petitioner's Form 1040X in evidence solely to show that he had an amended return which he tried to have admitted in this proceeding. The amended return was not filed with the Internal Revenue Service.↩
2. All section references are to the Internal Revenue Code as amended and in effect for the taxable year in question unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Respondent concedes that petitioner timely filed his return. Accordingly, respondent conceded at trial that petitioner was not liable for the sec. 6651(a)(1) addition to tax. Respondent also concedes that petitioner is entitled to a Schedule A deduction in the amount of $ 74 for a subscription to the Law Bulletin. Lastly, respondent agreed by stipulation that petitioner made interest payments totaling $ 895.71. These will be deductible if petitioner itemizes his deductions.↩